## AKOWSKEY v. UNITED STATES.

### No. 9157-8-9.

United States Court of Appeals
District of Columbia.

Argued Oct. 9, 1946.

Decided Dec. 16, 1946.

Mr. Bernard Margolius, of Washington, D. C. (appointed by this Court), for appellant.

Mr. Sidney S. Sachs, Assistant United States Attorney, of Washington, D. C., with whom Mr. Edward M. Curran, United States Attorney at the time the brief was filed, and Mrs. Grace B. Stiles, Assistant United States Attorney, both of Washington, D. C., were on the brief, for appellee.

Before GRONER, Chief Justice, and CLARK and MILLER, Associate Justices.

CLARK, Associate Justice.

Appellant and a second defendant were convicted on three indictments charging housebreaking and larceny and the unauthorized use of two automobiles. The appellant prosecutes this appeal. By it, we are asked to determine the applicability of the decision of the Supreme Court in the McNabb case [1] to confessions obtained from the appellant, who was arrested without a warrant shortly before 4:00 o'clock p. m. and taken immediately to police headquarters where he was questioned continuously for seven hours without being taken before the proper official for commitment.[2]

In the early morning of March 25, 1944 a restaurant in Southeast Washington was broken into and a large quantity of whiskey stolen. On the same night, two automobiles were taken from in front of the homes of their respective owners. Four days later, appellant, the second defendant and a third party were arrested in connection with the crimes on information received. The arrest was made between 3:30 and 4:00 o'clock p. m., and the parties were taken directly to police headquarters and booked on an open charge. No effort was made by the arresting officers to take the men before a committing magistrate until about 5:00 or 5:30 o'clock p. m. when an unanswered telephone call was made to the United States Commissioner's office.

From the time appellant was taken to headquarters until approximately midnight he was questioned continuously concerning the crimes during which time he repeatedly denied participation. Around midnight appellant made an oral confession which was reduced to writing between 1:45 and 2:45 o'clock a. m. This confession was agreed to by the second defendant. The third party arrested was released at this time.

Subsequent to this confession, the appellant and the second defendant were taken to the restaurant where they described to the police officers and restaurant proprietor how they had entered the premises and pointed out correctly the place from which the whiskey had been taken.

---

[1] McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819.

[2] 18 U.S.C.A. § 595.

■ It is the contention of the Government that this last independent demonstration is a thing apart from the written confession and therefore relieves it of the rule of the McNabb case. But at the time of the later demonstration the defendant was still in custody, the demonstration immediately followed the written confession and if the confession was the result of illegal detention the later admissions were equally so. They must stand or fall together.

As in the McNabb decision, the Government's case here is dependent upon the admissions obtained from the accused and if that evidence is inadmissible the judgment must be reversed.

■ The record discloses a series of occurrences specifically condemned by the Supreme Court. For the evidence shows that in taking the accused parties from the place of arrest to police headquarters both the United States Commissioner's Office and the Municipal Court were by-passed. While we recognize that in many instances the circumstances may dictate that some delay ensues between arrest and commitment amounting to one, two or many hours, such is not the case here. The Commissioner and several other committing magistrates before whom the accused might have been taken for a hearing had their offices on or near the axis connecting the place of arrest and the place of detention. It is only reasonable to conclude that the parties could have been transported to the office of one of these officials in less time than it took to get to police headquarters. It is furthermore both by law and practice true that application for hearing might have

been made to any of these committing magistrates at any hour. It follows that the detention was inexcusable and illegal at the outset.

It is contended by the appellant from the facts stated that had the proper procedure been followed and the required effort been made to determine the legality of the detention, the accused would not have been deprived of their liberty, which deprivation resulted in the securing of the evidence shown in the record, and on which the conviction was obtained. It is further contended that on the instant facts the failure of the arresting officers to comply with their statutory duty was due to an insufficiency of evidence upon which to hold the accused. It is not necessary from the facts in this record to indulge in any presumption in this regard.

Since we have determined that the detention was illegal under the rule in the McNabb case, the incriminating statements[3] of the accused were inadmissible as evidence, and since the Government's case was founded on this evidence the judgment must be reversed. For as the Supreme Court stated in United States v. Mitchell[4] in explaining the bases of the McNabb decision: "Inexcusable detention for the purpose of illegally extracting evidence from an accused, and the successful extraction of such inculpatory statements by continuous questioning for many hours under psychological pressure, were the decisive features in the McNabb case which led us to rule that a conviction on such evidence could not stand." The judgment is reversed and the case is remanded with instructions to grant a new trial.

---

[3] The three confessions, i. e., the oral statement made at police headquarters and there reduced to a written confession, and the subsequent confession made at the scene of the housebreaking, must all necessarily be considered together.

[4] 322 U.S. 65, 64 S.Ct. 896, 897, 88 L.Ed. 1140.