## SHIFLETT v. WELCH.

### No. 5592.

Circuit Court of Appeals, Fourth Circuit.

May 15, 1947.

**934**

James E. Shiflett, pro se.

Golden N. Dagger, Atty., Dept. of Justice, of Washington, D. C. (Harry H. Holt, Jr., U. S. Atty., of Hampton, Va., George R. Humrickhouse, Asst. U. S. Atty., of Richmond, Va., and Howard F. Smith, Atty., Dept. of Justice, of Washington, D. C., on the brief), for appellee.

Before PARKER, Circuit Judge, GRONER, Chief Justice of the United States Court of Appeals for the District of Columbia (sitting by special assignment) and DOBIE, Circuit Judge.

PER CURIAM.

This is an appeal from an order dismissing a petition for a writ of habeas corpus. Petitioner was convicted of manslaughter in the District Court of the United States for the District of Columbia and the conviction was affirmed on appeal. Shiflett v. United States, 78 U.S.App. D.C. 403, 136 F.2d 765. The point raised by the petition for habeas corpus is in effect the same as that raised on the appeal, viz., that after the jury had mistakenly announced a verdict of not guilty on the first count of a two count indictment, as to which a verdict of not guilty had been directed on the second count, but before the verdict had been accepted and the jury discharged, the court was without power to permit the jury to correct its mistake in open court, without retiring to the jury room, and return the verdict of not guilty on the second count with a verdict of guilty of manslaughter on the first count. The point is manifestly so entirely lacking in merit as not to warrant discussion; and nothing is added to it by the attempt to introduce an affidavit of an investigator to the effect that some jurors had said that they had not considered the first count of the indictment in the jury room. It is elementary that jurors will not be heard to impeach their verdict; and, in addition to this, the record shows that the jurors were polled in open court and each of them announced that he found petitioner guilty of manslaughter on the first count of the indictment. The order dismissing the petition for the writ will be affirmed.

Affirmed.