Leon **JACKSON**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 16879.

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 24, 1962.

Decided Dec. 20, 1962.

Before EDGERTON, WASHINGTON, and BASTIAN, Circuit Judges.

EDGERTON, Circuit Judge.

Appellant Jackson, Charles S. Coleman, James M. Dykes, Carl A. Tatum, and James V. Washington were indicted and tried together on charges of robbery, murder in committing the robbery, and unauthorized use of a motor vehicle. D.C.Code §§ 22–2901, 22–2401, 22–2204. Homicide in committing the felony of robbery is murder in the first degree. The jury returned verdicts of guilty of murder in the second degree, robbery, and unauthorized use against four of the defendants.[1] We are deciding today the appeals of these four. See Coleman v. United States, 114 U.S.App.D.C. ——, 313 F.2d 576; Tatum v. United States, 114 U.S.App.D.C. ——, 313 F.2d 579; Dykes v. United States, 114 U.S.App.D.C. ——, 313 F.2d 580.

The jury could have found these facts. Early in the evening of December 23, 1960, the four appellants and Washington wrongfully took a car from the vicinity of the *Evening Star* building and drove to the apartment of Barbara Morris, a sister of appellant James Dykes. There the four appellants and Lawrence Dykes, a younger brother of appellant James Dykes, drank whiskey which they found in the car. Washington did not drink. He asked: "Do you need the drink to get up enough nerve?" One of the appellants answered in the negative. Shortly before nine o'clock all five defendants left the apartment. The four appellants drove to Sheriff Road. After passing a small store that seemed about to close they parked in an alley. As the owners, Victor and Fannie Schery, left the store and started to get into a car, three of the appellants left the car they had parked, and one of them grabbed at Mrs. Schery's pocketbook. Appellant Jackson pushed Mr. Schery. Jackson's gun went off

Mr. Kenneth Wells Parkinson, Washington, D. C. (appointed by this court), for appellant.

Mr. Daniel A. Rezneck, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Nathan J. Paulson, Asst. U. S. Atty. at the time the brief was filed, were on the brief, for appellee. Messrs. Frank Q. Nebeker, Asst. U. S. Atty., and John R. Schmertz, Jr., Asst. U. S. Atty. at the time the record was filed, also entered appearances for appellee.

[1] It acquitted Washington on all but the motor vehicle count, and on that count the trial judge granted his motion for judgment of acquittal n. o. v.

while he and Schery were tussling. One of the three appellants who had left the car struck Mrs. Schery and took her pocketbook. She followed them to the car. They pushed her away and drove off. She returned to her car and found her husband dying from a bullet wound. She could not identify any of the defendants.

About ten o'clock the four appellants appeared at a house across town. Appellants Jackson, Coleman and Tatum went into a back room to shoot craps. Each had about $32 in twenty, ten, and one dollar bills. Tatum afterwards drove off in the car and abandoned it.

■■ Appellant Jackson contends he cannot be convicted of second degree murder under a felony-murder indictment which fails to allege "malice aforethought". But "The defendant may be found guilty of an offense necessarily included in the offense charged * * *." F.R.Crim.P. 31(c). Second degree murder is an included offense under an indictment for felony-murder. See, e. g., Mumforde v. United States, 76 U.S.App. D.C. 107, 130 F.2d 411 (1942), cert. denied, 317 U.S. 656, 63 S.Ct. 53, 87 L.Ed. 527 (1942); Burton v. United States, 80 U.S.App.D.C. 208, 209, 151 F.2d 17, 18 (1945), cert. denied, 326 U.S. 789, 66 S.Ct. 473, 90 L.Ed. 479 (1946); Goodall v. United States, 86 U.S.App.D.C. 148, 151, 180 F.2d 397, 400, 17 A.L.R.2d 1070, 1076, (1950), cert. denied, 339 U.S. 987, 70 S.Ct. 1009, 94 L.Ed. 1389 (1950); Coleman v. United States, 111 U.S.App. D.C. 210, 214, 295 F.2d 555, 559 (1961), cert. denied, 369 U.S. 813, 82 S.Ct. 689, 7 L.Ed.2d 613 (1962);[2] cf. Green v. United States, 355 U.S. 184, 194 n. 14, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957). Appellant asks us to reexamine our cases in the light of Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962). The Court there held that certain indictments were not specific enough in alleging facts and therefore "failed to sufficiently apprise the defendant 'of what he must be prepared to meet.'" 369 U.S. at 764, 82 S.Ct. at 1047. Similarly, F.R.Crim.P. 7(c) requires a "definite written statement of the essential facts constituting the offense charged". But the present indictment and our decisions fully apprised the appellant of what he must be prepared to meet. There was no ambiguity and no failure to allege any essential fact.

■ Appellant's chief trial strategy was an attempt to prove that he could not be guilty of felony-murder because he was too drunk to have a specific intent to rob. His counsel asked the court to instruct the jury that if they believed this, they should consider a verdict of second degree murder. In closing argument counsel said: "The sole consideration for this jury insofar as Jackson is concerned, is whether or not he is guilty of second degree murder * * *" The absence of an express second degree count in the indictment evidently did not handicap the defense. Neither did the absence of the words "malice aforethought", which are used in the statutory definition of second degree murder. D.C.Code § 22–2403. The allegation that the defendants "unlawfully and feloniously did murder Victor Schery by means of shooting him with a pistol" was fully equivalent. "The sufficiency of a criminal pleading is to be determined by practical, rather than technical, considerations." Tatum v. United States, 71 App.D.C. 393, 110 F.2d 555 (1940), quoting Beard v. United States, 65 App.D.C. 231, 234, 82 F.2d 837, 840 (1936), cert. denied, 298 U.S. 655, 56 S.Ct. 675, 80 L.Ed. 1382 (1936).[3]

■■ Appellant contends that convictions of both robbery and second degree murder cannot stand because they are inconsistent. "Consistency in the

---

2. Hansborough v. United States, 113 U.S. App.D.C. 392, 308 F.2d 645 (1962), says nothing to the contrary.

3. F.R.Crim.P. 52(a) directs us to disregard any "error, defect, irregularity or variance which does not affect substantial rights".

verdict is not necessary. Each count in an indictment is regarded as if it was a separate indictment." Dunn v. United States, 284 U.S. 390, 393, 52 S.Ct. 189, 76 L.Ed. 356 (1932). "Whether the jury's verdict was the result of carelessness or compromise * * * is immaterial. Juries may indulge in precisely such motives or vagaries." United States v. Dotterweich, 320 U.S. 277, 279, 64 S.Ct. 134, 88 L.Ed. 48 (1943).[4] "It has been held many times that inconsistency in verdicts does not require [reversal]. And this is true even though the inconsistency can be explained by no rational considerations. The question for us is whether the convictions are consistent with the evidence." American Medical Ass'n v. United States, 76 U.S.App.D.C. 70, 89, 130 F.2d 233, 252 (1942), aff'd, 317 U.S. 519, 63 S.Ct. 326, 87 L.Ed. 434 (1943). Appellant's conviction of robbery is consistent with the evidence, and so is his conviction of second degree murder.[5]

■ Appellant says his confessions were obtained in violation of F.R.Crim.P. 5(a) and should therefore have been excluded under Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957). On the morning of January 18 he telephoned the homicide squad and offered to give himself up.[6] He testified that he made the telephone call between 7:30 and 8:00 a. m., was arrested "something after 8", and was at the Fifth Precinct station about half an hour. According to Detective Manzano, a call from the homicide squad was received at the Fifth Precinct about 9:45 and appellant was arrested on instructions from the homicide squad at a designated street corner in the Fifth Precinct shortly before 9:50 and taken to the precinct station to await transportation to the homicide squad, but was not questioned at the Fifth Precinct. The police admitted that appellant was taken to the homicide squadroom at the Municipal Center for the purpose of questioning. Detective Rogers testified that as far as he knew appellant was not under arrest at 10:30 a. m. The time of the arrest is not clear. No specific finding on the point was made at the trial.

■ The government says appellant "freely and spontaneously admitted his participation in the crime as soon at Lt. Daly began to talk with him about 10:30 a. m." According to government witnesses his written statement was commenced at 10:50 a. m. and completed at 11:55. He was taken before a United States Commissioner between 2:30 and 3:20 p. m. The critical period is that between arrest and confession. "Detention *after* a confession plainly does not affect its admissibility. United States v. Mitchell, 1944, 322 U.S. 65, 64 S.Ct. 896, 88 L.Ed. 1140." Metoyer v. United States, 102 U.S.App.D.C. 62, 65 n. 4, 250 F.2d 30, 33 n. 4 (1957). We think that case and Heideman v. United States, 104 U.S.App.D.C. 128, 130–31, 259 F.2d 943, 945–946 (1958), cert. denied, 359 U.S. 959, 79 S.Ct. 800, 3 L.Ed.2d 767 (1959), require us to hold[7] that if, as

4. See United States v. Maybury, 274 F.2d 899 (2d Cir., 1960); Bickel, "Judge and Jury—Inconsistent Verdicts in the Federal Courts," 63 Harv.L.Rev. 649, 651 (1950).

5. In Green v. United States, 95 U.S.App. D.C. 45, 218 F.2d 856 (1955), where the defendant had been convicted of arson and of second degree murder, the evidence did not justify an instruction on second degree murder.
   Cases involving two sentences for one crime, or two defendants each of whom was necessarily guilty if either was, are distinguishable.

Assserted inconsistencies should be objected to at trial. See Shiflett v. Welch, 161 F.2d 933 (4th Cir., 1947), citing Shiflett v. United States, 78 U.S.App.D.C. 403, 136 F.2d 765 (1943).

6. He acted on the advice of his mother and uncle.
   Lt. Daly testified that an arrest warrant had been issued, but the United States Commissioner's record of proceedings indicates that Jackson was arrested without warrant.

7. Although dissenting opinions were filed in both cases, under our practice they can be overruled only by the court in banc.

**576**

may well have been the case, appellant was not arrested before 9:45, his confessions were obtained without unnecessary delay in presentation before a magistrate and their admission in evidence did not violate F.R.Crim.P. 5(a). The evidence therefore supports the judge's ruling.

■ Appellant's confessions were not inadmissible as being the "fruit" of Coleman's and Tatum's confessions, which we hold were obtained in violation of F.R.Crim.P. 5(a). Assuming without deciding that one defendant has "standing" to complain of another's illegal detention and to have its fruits excluded, we cannot say the principle applies here. The trial court charged the jury that the confessions of other defendants could not be used against appellant nor his against them. The admission of his confessions did not "in substance and effect admit the earlier confessions properly held inadmissible". Killough v. United States, 114 U.S.App.D.C. ——, ——, 315 F.2d 241, 244 (1962). Nor can we say appellant Jackson would not have confessed if Coleman and Tatum had not already done so. The police investigation was virtually complete, and the fatal bullet had been matched with one said to have been previously fired from appellant's gun, before Coleman and Tatum were arrested. We think any "connection between the evidence and the previous misconduct of the police is 'so attenuated as to dissipate the taint.' Nardone v. United States, 308 U.S. 338, 341, 60 S.Ct. 266, 268, 84 L.Ed. 307 [1939]." Gregory v. United States, 97 U.S.App.D.C. 305, 306, 231 F.2d 258, 259 (1956), cert. denied, 352 U.S. 850, 77 S.Ct. 69, 1 L.Ed.2d 61 (1956). In our opinion appellant's confessions were rightly admitted in evidence.

Appellant's remaining claim of error is not substantial.

Affirmed.