Charles S. COLEMAN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 16880.

United States Court of Appeals District of Columbia Circuit.

Argued June 26, 1962.

Decided Dec. 20, 1962.

Mr. David R. Peasback (appointed by this court), for appellant.

Mr. Daniel A. Rezneck, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Nathan J. Paulson, Asst. U. S. Atty. at the time of argument, were on the brief, for appellee. Mr. John R. Schmertz, Jr., Asst. U. S. Atty. at the time of argument, also entered an appearance for appellee.

Before EDGERTON, WASHINGTON, and BASTIAN, Circuit Judges.

EDGERTON, Circuit Judge.

Appellant Coleman was a passenger in the car involved in the Sheriff Road robbery and killing. Facts are stated in our opinion in Jackson v. United States, 114 U.S.App.D.C. ——, 313 F.2d 572 (1962).

██ The police questioned Coleman on six or seven separate occasions, and as far as appears could have questioned him again at will, before they arrested him at 6:45 p. m. on January 17, 1961. They took him across town to a police station and locked him in a room. Between 7:30 and 8:00 p. m. he was interrogated and made a non-incriminatory statement about his whereabouts at the time of the crime. He was again locked up alone from 8:00 to about 8:45. Three officers then arrived who had been called for the admitted purpose of questioning him. Questioning was resumed, and a " 'threshold' " confession was obtained at 8:50. From 9:10 to 10:50 p. m. it was reduced to writing. He was then "booked". He was not brought before a magistrate until 10:00 a. m. the next day.

There was unnecessary delay. As long ago as 1946 we said that "both by law and practice" a prisoner may be brought before a committing magistrate "at any hour." Akowskey v. United States, 81 U.S.App.D.C. 353, 354, 158 F.2d 649, 650. We recently said: "[N]ot only a magistrate, but an Assistant United States Attorney, are, and were * * * available to the police twenty-four hours

a day." Jones v. United States, 113 U.S. App.D.C. 256, 307 F.2d 397, 399 (1962). Cf. Ginoza v. United States, 279 F.2d 616 (9th Cir., 1960). If because of some extraordinary circumstance no magistrate were available, it would not follow that questioning could continue. The time between arrest and confession was not, as we said it was in the Heideman case, "consumed only by the questions * * * and by the preparing of papers, booking, photographing, fingerprinting and transportation * * *." Heideman v. United States, 104 U.S.App.D.C. 128, 131, 259 F.2d 943, 946 (1958), cert. denied, 359 U.S. 959, 79 S.Ct. 800, 3 L.Ed. 2d 767 (1959). The delay was "of a nature to give opportunity for the extraction of a confession." Mallory v. United States, 354 U.S. 449, 455, 77 S.Ct. 1356, 1360, 1 L.Ed.2d 1479 (1957). Since the confessions were obtained during an unnecessary and therefore unlawful detention they should have been excluded. F.R.Crim.P. 5(a); McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L. Ed. 819 (1943). Other cases are cited in our opinion in Tatum v. United States, 114 U.S.App.D.C. ——, 313 F.2d 579. Failure to exclude the confessions was prejudicial error and the judgment must be reversed. Jones v. United States, supra.

██ Since there must be a new trial, we consider claims of error based on the contention that there was no evidence that appellant aided or abetted in the shooting and that, therefore, he could not be guilty of murder in the second degree. These claims must be rejected. "All those who assemble themselves together with an intent to commit a wrongful act, the execution whereof makes probable in the nature of things a crime not specifically designed, but incidental to that which was the object of the confederacy, are responsible * * * for the acts of each, if done in pursuance of, or as incidental to, the common design." Turberville v. United States, 112 U.S.App. D.C. 400, 402–403, 303 F.2d 411, 413– 414 (1962), cert. denied, 370 U.S. 946, 82

S.Ct. 1596, 1607, 8 L.Ed.2d 813 (1962).[1] The jury could reasonably regard the shooting as incidental to the common design of robbery. The court did not instruct specifically on "common purpose", but the general instructions on aiding and abetting were adequate and counsel for Coleman did not object to them.

Reversed and remanded for a new trial.

BASTIAN, Circuit Judge (dissenting).

My examination of the record indicates that the confession was freely and voluntarily given, and in no sense was it obtained in violation of the Mallory rule. The police questioned appellant on several occasions prior to his arrest. Having additional information, they arrested him in the 2700 block of Wade Road, S. E., on January 17, 1961, at 6:45 P.M. He was taken to the Fourteenth Precinct, located at 42nd and Benning Road, S. E., arriving there at 7:20 P.M. and then being taken to an upstairs room at the precinct. Appellant was not questioned on his way to the precinct, nor did he volunteer any statement. Detective Shirley testified that at about 7:30 P.M., after appellant had been advised of his rights and that anything he stated might be used against him, Coleman gave a statement claiming an alibi. He was then left alone until 8:45 P.M., when the officers familiar with the case, who had been called from downtown to the precinct, arrived to interrogate him. Thus confronted, appellant admitted his guilt within five minutes. Surely his oral admissions, at least, may be received. Metoyer v. United States, 102 U.S.App.D.C. 62, 250 F.2d 30 (1957); and see Mitchell v. United States, 322 U.S. 65, 64 S.Ct. 896, 88 L.Ed. 1140 (1944). Thereupon, the officers undertook to reduce those threshold admissions to writing, a process involving a reasonable time, before booking the appellant. He was given a preliminary hearing at 10:00 A.M. the next day. No confession or statement made by appellant after the confession was offered in evidence.[1]

During the interim between the giving of the alibi at 7:30 P.M. and the interrogation of appellant at 8:45 P.M., the police were engaged in checking his story against those of others who were being interrogated and whose stories, as it turned out, shattered his alibi. The police can and indeed should, in fairness to a defendant, check his story and, if it is contradicted—as it was here—confront the accused with the evidence against him. This may take time, and if that time is not so unreasonable as to bring it into conflict with the Mallory rule, it is proper. I think that the time here was not so unreasonable.

If the accused's claim of an alibi had been found to be correct, after having been checked out, he should and would have been released. The police had the right and the duty to check the alibi to see if Coleman was the man to be charged with this cold-blooded murder, and it turned out that he was.

It is to be remembered that the District Court properly submitted to the jury, after hearing the testimony out of the presence of the jury, the question of whether or not the confession was voluntary. Obviously, the jury found that it was.

1. Quoting 1 Wharton, Criminal Law § 258 (12th ed. 1932).

1. "A confession [made] during a period of necessary delay in arraignment is not inadmissible because that period was followed by a period of unnecessary delay." See Lockley v. United States, 106 U.S. App.D.C. 163, at 166, 270 F.2d 915, at 918 (1959).