**Carl A. TATUM, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 16881.**

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 25, 1962.

Decided Dec. 20, 1962.

Mr. Dickson R. Loos, Washington,
D. C. (appointed by this court) for appellant.

Mr. Daniel Rezneck, Asst. U. S. Atty.,
with whom Messrs. David C. Acheson,

U. S. Atty. and Nathan J. Paulson, Asst.
U. S. Atty., and Nathan J. Paulson, Asst.
filed, were on the brief, for appellee.
Messrs. Frank Q. Nebeker, Asst. U. S.
Atty., and John R. Schmertz, Jr., Asst.
U. S. Atty. at the time the record was
filed, also entered appearances for appellee.

Before EDGERTON, WASHINGTON, and
BASTIAN, Circuit Judges.

EDGERTON, Circuit Judge.

Appellant drove the car involved in the
Sheriff Road robbery-killing. Facts are
stated in our opinion in Jackson v. United States, 114 U.S.App.D.C. ——, 313 F.
2d 572 (1962).

Appellant was arrested shortly after
8:00 p.m. on January 17, 1961 and
brought to the 14th precinct police station about 8:50. He was questioned for
ten minutes in the lobby and denied all
knowledge of the crime. He was then
put in the cellblock. At 10:30 he was
"booked". At 11:00 he was confronted
by Coleman who had just made a written
confession. Appellant still denied complicity. He made a non-incriminating
statement at 11:15 p.m. He was questioned, partly in the absence of Coleman,
from 11:15 till midnight. He still maintained his innocence. At 12:15 or 12:25
a.m. on January 18, while Detective Shirley was preparing a "lineup sheet," appellant is said to have agreed to confess.
His written confession was completed
at 3:00 a.m. He was brought before the
United States Commissioner at 10:00
a.m.

The confession should have
been excluded under the McNabb-Upshaw-Mallory rule. F.R.Crim.P. 5(a);
Mallory v. United States, 354 U.S. 449,
77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957).
Probably when he denied all knowledge of
the crime about 9:00 p.m. after ten minutes questioning, and certainly when he
did so again upon confronting Coleman
at 11:00 p.m., the police should have
taken him before a magistrate or else
released him. As we point out in Coleman v. United States, 114 U.S.App.D.C.

**580**

——, 313 F.2d 576, a magistrate is regularly available at any hour. The circumstances in which appellant's statements were obtained on the morning of January 18 are inconsistent with the legislative purpose "to avoid all the evil implications of secret interrogation of persons accused of crime." McNabb v. United States, 318 U.S. 332, 344, 63 S.Ct. 608, 614, 87 L.Ed. 819 (1943). Cf. Anderson v. United States, 318 U.S. 350, 355, 63 S.Ct. 599, 87 L.Ed. 829 (1943). "[T]he delay must not be of a nature to give opportunity for the extraction of a confession." Mallory v. United States, 354 U.S. at 455, 77 S.Ct. at 1360. We must apply the rule that "a confession is inadmissible if made during illegal detention due to failure promptly to carry a prisoner before a committing magistrate * * *." Upshaw v. United States, 335 U.S. 410, 413, 69 S.Ct. 170, 172, 93 L.Ed. 100 (1948).

The judgment must be reversed and the case remanded for a new trial.

Reversed and remanded.