**James M. X. DYKES, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 16882.**

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 24, 1962.

Decided Dec. 20, 1962.

Petition for Rehearing En Banc Denied En Banc Jan. 28, 1963.

Mr. Jerome Powell, Washington, D. C. (appointed by this court) with whom Mr. Charles L. Bucy, Washington, D. C., was on the brief, for appellant.

Mr. Daniel A. Rezneck, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Nathan J. Paulson, Asst. U. S. Atty. at the time the brief was filed, were on the brief, for appellee. Messrs. Frank Q. Nebeker, Asst. U. S. Atty., and John R. Schmertz, Jr., Asst. U. S. Atty. at the time the record was filed, also entered appearances for appellee.

Before EDGERTON, WASHINGTON, and BASTIAN, Circuit Judges.

EDGERTON, Circuit Judge.

Appellant is one of the four defendants convicted of robbery and second degree murder in the Sheriff Road robbery-killing. He made no confession and did not take the stand. The facts are stated in our opinion in Jackson v. United States, 114 U.S.App.D.C. ——, 313 F.2d 572 (1962).

■ He says the evidence against him was not sufficient. We disagree. There was evidence from which the jury might have found that Dykes was with the other appellants immediately before and after the robbery-killing, that he fled to New York under an alias with articles stolen from the get-away car, and that he admitted to an acquaintance that he was an active participant in the robbery.

■ His contention that the District Court erred to his prejudice in denying a severance raises a substantial question. But "The general rule is that persons jointly indicted should be tried together. Granting separate trials is a matter of discretion. The mere fact that admissions have been made by one which are not evidence as against the other is not a conclusive ground for ordering the parties to be tried separately." Lucas v. United States, 70 App.D.C. 92, 93, 104 F.2d 225, 226 (1939), quoting Commonwealth v. Bingham, 158 Mass. 169, 33 N.E. 341, 342 (1893) (Holmes, J.); Hall v. United States, 83 U.S.App.D.C. 166, 168, 168 F.2d 161, 163, 4 A.L.R.2d 1193 (1948), cert. denied, 334 U.S. 853, 68 S.Ct. 1509, 92 L.Ed. 1775 (1948). That

the admissions of other defendants implicated appellant Dykes as well does not compel severance. Stewart v. United States, 94 U.S.App.D.C. 293, 294 n. 3, 214 F.2d 879, 880 n. 3 (1954). "The mere fact that appellant might have had a better chance of acquittal if tried separately * * * does not establish his right to a severance." Robinson v. United States, 93 U.S.App.D.C. 347, 349, 210 F.2d 29, 31 (1954). It was within the trial court's discretion to "grant a severance of defendants or provide whatever other relief justice requires". F.R. Crim.P. 14. This restates the common law rule. The court duly charged the jury not to consider any defendant's statements made in the absence of other defendants as evidence against the others. Delli Paoli v. United States, 352 U.S. 232, 239, 77 S.Ct. 294, 1 L.Ed.2d 278 (1957); Blumenthal v. United States, 332 U.S. 539, 68 S.Ct. 248, 92 L.Ed. 154 (1947); Hall v. United States, supra.[1] Several defendants alleged to have participated in the same offenses may be charged in the same indictment. F.R.Crim.P. 8(b). "The terms of Rule 8(b) having been met and no prejudice under Rule 14 having been shown, there was no misjoinder." Schaffer v. United States, 362 U.S. 511, 516, 80 S.Ct. 945, 4 L.Ed.2d 921 (1960).

Appellant's other claims of error are without merit. See Coleman v. United States, 114 U.S.App.D.C. ——, 313 F.2d 576.

Affirmed.

1. The limiting charge distinguishes this case from Nelson v. United States, 93 U.S.App.D.C. 14, 23, 208 F.2d 505, 514 (1953), cert. denied, 346 U.S. 827, 74 S. Ct. 48, 98 L.Ed. 352 (1953), where "the court did not, and as a practical matter could not, limit the jury's consideration of the unlawfully seized" lottery record; from Anderson v. United States, 318 U.S. 350, 63 S.Ct. 599, 87 L.Ed. 829 (1943), relied upon in Nelson, where the judge's charge allowed the jury "to assume that

in ascertaining the guilt or innocence of each defendant they could consider the whole proof made at the trial", 318 U.S. at 356–357, 63 S.Ct. at 602; and from McDonald v. United States, 335 U.S. 451, 69 S.Ct. 191, 93 L.Ed. 153 (1948), also relied on in Nelson, where "the unlawfully seized materials were the basis of evidence used against the codefendant." 335 U.S. at 456, 69 S.Ct. at 193. Cf. Malinski v. New York, 324 U.S. 401, 411, 65 S.Ct. 781, 89 L.Ed. 1029 (1945).