**James M. DYKES, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 18861.**

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 18, 1965.

Decided Feb. 19, 1965.

Petition for Rehearing en Banc Denied April 14, 1965.

Mr. Jerome Powell, Washington, D. C., with whom Mr. Charles L. Bucy, Washington, D. C., (both appointed by this court), was on the brief, for appellant.

Mr. James L. Kelley, Atty., Dept. of Justice, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Mr. John A. Terry, Asst. U. S. Atty., also entered an appearance for appellee.

Before FAHY, BASTIAN and BURGER, Circuit Judges.

**JUDGMENT**

PER CURIAM.

THIS CAUSE came on to be heard on the record on appeal from the United States District Court for the District of Columbia, and was argued by counsel.

ON CONSIDERATION WHEREOF It is ordered and adjudged by this court that the judgment of the District Court appealed from in this case be, and it is hereby, affirmed.

FAHY, Circuit Judge (dissenting):

In Dykes v. United States, 114 U.S. App.D.C. 189, 313 F.2d 580 (1962), cert. denied, 374 U.S. 837, 83 S.Ct. 1889, 10

L.Ed.2d 1059 (1963), this court affirmed appellant's convictions of murder in the second degree, robbery, and unauthorized use of a motor vehicle. Four other persons were convicted of the same crimes.[1] One of these, Leon Jackson, fired the shot that resulted in the homicide. His conviction also was affirmed, Jackson v. United States, 114 U.S.App.D.C. 181, 313 F.2d 572 (1962). The convictions of two others, Coleman and Tatum,[2] were reversed because of the admission in evidence at their joint trial with Dykes of their confessions obtained in violation of the Mallory rule.

After remand of the cases of Coleman and Tatum for retrial without their confessions, if at all, the murder and robbery charges against them were abandoned by the United States. The inference is that this was due to inability to use the confessions. Each pled guilty to unauthorized use of a vehicle and was sentenced to 8 months to 2 years imprisonment.

After the above developments Dykes petitioned the District Court for reduction of sentence. His petition was denied. He then sought relief by motion for a writ of coram nobis. Before this motion was acted upon this court en banc decided Jones, Short & Jones v. United States, 119 U.S.App.D.C. ——, 342 F.2d 863 (July 16, 1964). We there reversed a conviction because of the admission in evidence of a co-defendant's confession. As I have said the confessions of Coleman and Tatum which resulted in reversal of their convictions had been admitted in evidence during their joint trial with Dykes. Therefore, if the decision in Jones, Short & Jones had been rendered prior to this court's consideration of Dykes' appeal, the Jones rule would have been available to Dykes as a basis for contending he also was entitled to a new trial. He was repeatedly men-

tioned by name in the confessions of Coleman and Tatum. And see Greenwell v. United States, 119 U.S.App.D.C. ——, 336 F.2d 962, 968–969, (1964).

In view of these developments counsel for Dykes at argument on the motion for a writ of coram nobis requested in the alternative that his motion be considered under 28 U.S.C. § 2255. All relief was denied, followed by this appeal.

In the unusual circumstances I have outlined I would resort to the exceptional power exercised by this court in Byrd v. United States (No. 12843, March 31, 1959), recall our judgment in Dykes v. United States, supra, reinstate that appeal and reconsider it in light of the intervening decisions of this court.

---

1. The indictment charged all five with murder in the first degree. One of the four, Washington, was found guilty only of unauthorized use of a motor vehicle and the trial judge granted his motion for judgment of acquittal n. o. v.

2. Coleman v. United States, 114 U.S.App. D.C. 185, 313 F.2d 576 (1962); Tatum v. United States, 114 U.S.App.D.C. 188, 313 F.2d 579 (1962).