Richard Lee COLLINS, Petitioner-Appellee,

v.

T. Wade MARKLEY, Warden, United States Penitentiary, Terre Haute, Indiana, Respondent-Appellant.

No. 14641.

United States Court of Appeals Seventh Circuit.

May 11, 1965.

Rehearing Denied June 29, 1965.

Richard P. Stein, U. S. Atty., Robert W. Geddes, Indianapolis, Ind., for respondent-appellant.

Sigmund J. Beck, Indianapolis, Ind., for petitioner-appellee, Sidney Mishkin, Indianapolis, Ind., on the brief.

Before HASTINGS, Chief Judge, and DUFFY, SCHNACKENBERG, KNOCH, CASTLE, KILEY and SWYGERT, Circuit Judges.

DUFFY, Circuit Judge.

By complaint dated April 12, 1961, petitioner was charged with the unlawful sale, on or about September 15, 1960, of three grams, 140 milligrams of heroin hydrochloride not in pursuance of a written order of the person to whom said heroin was sold, on a form issued in blank for that purpose by the Secretary of the Treasury or his delegate. The complaint disclosed that such sale was made to Clarence Cook, a federal narcotics agent.

Petitioner requested a preliminary hearing. On April 13, 1961, a probable cause hearing was held before a United States Commissioner. The only witness was Clarence Cook, the federal narcotics agent. The Commissioner found probable cause.

On May 18, 1961, an indictment was filed charging petitioner in two counts with the illegal sale of narcotics in violation of Title 26, United States Code, Section 4705(a). Petitioner's arraignment was scheduled but was postponed because petitioner was then in custody of state authorities. On August 24, 1962, petitioner was interviewed at his request at the Indiana State Farm. He there signed a statement admitting the sale of heroin to narcotics agent, Clarence Cook, in September 1960.

On October 11, 1962, petitioner appeared before Honorable Cale J. Holder, United States District Judge. H. Perry Smith who had been representing petitioner and who was selected by petitioner to act as his attorney, withdrew from the case. Attorney Donald Metz was appointed to represent petitioner.

The Court explained to petitioner the nature of the charges filed against him, and also as to his rights under the federal Constitution. The indictment was read to petitioner in open court. A copy thereof had theretofore been given to him. After stating he understood the nature of the charges against him, petitioner entered a plea of guilty to both counts of the indictment. The Court imposed a sentence of five years on each count, same to run concurrently.

It should be noted that at no time did petitioner file any motion attacking the sufficiency of the indictment, nor ask for the name of the person to whom he was alleged to have sold the narcotics.

On July 26, 1963, petitioner addressed a letter to Judge Holder which the Court ordered to be filed and considered as a motion pursuant to Title 28, United States Code, § 2255. The letter stated his plea of guilty was induced by threats of federal agent Cass, and that he was not represented by competent counsel at the arraignment and the disposition proceedings. Court-appointed counsel was permitted to withdraw his appearance and Attorney Samuel Beecher was appointed to represent petitioner.

On November 6, 1963, based upon this Court's decision in Lauer v. United States, 320 F.2d 187, petitioner filed a supplemental motion to vacate and set aside the sentence and judgment alleging the indictment was defective because it failed to contain the name of the person to whom he was alleged to have sold the narcotics.

The District Court entered findings of fact and conclusions of law, and ordered petitioner to be released from custody because the indictment failed to name the person to whom petitioner was alleged to have sold the narcotics. The Court relied solely on the authority of Lauer v. United States, supra.

In Lauer, we directed the District Court to vacate the judgment of conviction and to discharge the petitioner from further imprisonment because the indictment charging an offense under Title

26, United States Code, § 4705(a) did not set forth the name of the person to whom the unlawful sale of narcotics was made.

In Powell v. United States, 7 Cir., 338 F.2d 556, we commented that our decision in Lauer had been criticized by Courts of various other Circuits. We are now informed that the Courts in some twenty-five different cases from six Circuits have considered our decision in Lauer. In none of them has the Lauer decision been approved.

■ Sitting en banc in the instant case, we have again considered our decision in Lauer. We now conclude that we were in error in our decision and holding in Lauer. We now hold that the omission of the name of a purchaser from a charge under Title 26, United States Code, § 4705(a) is not a defect of such a fundamental nature as to render a judgment of conviction vulnerable to collateral attack. Clay v. United States, 10 Cir., 326 F.2d 196. We do not reach the situation where, in a prosecution under 26, United States Code, § 4705(a), the name of a purchaser is not stated in the indictment and the defendant, before trial, has demanded the disclosure of such name, and such name has not been disclosed.

■ Rule 7(c), Federal Rules of Criminal Procedure, provides that an indictment or information " * * * shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. * * * " The sufficiency of an indictment should be determined by practical rather than technical considerations. Jackson v. United States, 114 U.S.App.D.C. 181, 313 F.2d 572.

■ The sufficiency of an indictment is to be measured by certain guide lines. First, the indictment standing alone must contain the elements of the offense intended to be charged, and it must be sufficient to apprise the accused of the nature of the offense. Second, after conviction, the record of the case must be sufficient so that the accused can plead the judgment in bar of any subsequent prosecution for the same offense. The same test is applicable on a collateral attack under 28, United States Code, § 2255. United States v. Roberts, 4 Cir., 296 F.2d 198. Prejudice to a defendant is also a controlling factor.

■ In the instant case, every essential ingredient of the offense was charged. Petitioner was sufficiently apprised of the nature of the charges against him. It seems certain that the record of the case is such that petitioner could successfully plead the judgment in bar to a later prosecution of the same offense. Furthermore, petitioner was not prejudiced in any way because the indictment failed to contain the name of the purchaser. Petitioner knew the name of the purchaser well in advance of the day that he entered his plea of guilty. He never had any doubts of the identity of the purchaser.

It is, of course, understandable that the District Judge felt bound by our decision in Lauer and ordered the petitioner discharged from custody. However, as this Court, sitting en banc, has concluded that Lauer v. United States, 320 F.2d 187, was wrongly decided, we must reverse and remand this case with instructions to vacate and set aside the order of the District Court which ordered petitioner herein released from custody.

Mr. Sigmund J. Beck, a prominent member of the Indiana Bar, accepted the appointment as court-appointed counsel for the petitioner herein. Mr. Beck has devoted himself with fervor and enthusiasm in representing Richard Lee Collins on this appeal. He has acted in the highest tradition of the bar. This Court is deeply indebted to Mr. Beck for the splendid service which he has rendered.

Reversed and remanded.

CASTLE, Circuit Judge (dissenting).

I dissent on the basis of my views as expressed in Lauer v. United States, 7 Cir., 320 F.2d 187.