UNITED STATES of America,
Plaintiff-Appellant,

v.

Norman CARPENTER, Defendant-
Appellee,

Norman CARPENTER, Petitioner-
Appellee,

v.

UNITED STATES of America,
Respondent-Appellant.

Nos. 15196, 15197.

United States Court of Appeals
Seventh Circuit.

Jan. 11, 1966.

Richard P. Stein, U. S. Atty., Joseph W. Annakin, Asst. U. S. Atty., Indianapolis, Ind., for appellant.

Robert A. Lichtenauer, Indianapolis, Ind., for appellee.

Before HASTINGS, Chief Judge, DUFFY, Circuit Judge and GRUBB, Senior District Judge.

DUFFY, Circuit Judge.

On November 16, 1960, petitioner, Norman Carpenter, and one Lionel W. Prince, were arrested and charged with the unlawful sale of 600 milligrams of heroin hydrochloride, not in pursuance of a written order of the person to whom said narcotic drug was sold, on a form issued in blank for that purpose by the Secretary of the Treasury or his delegate. The complaint which was filed alleged that the described narcotic drug was sold by Carpenter to Federal Agent, Clarence Cook.

On December 22, 1960, an indictment in two counts was filed naming Carpenter in both counts and Prince only in the first count. Count 1 referred to a sale of 600 milligrams of heroin hydrochloride in Indianapolis, Indiana, on August 17, 1960, and count 2 referred to a sale of 1 gram, 600 milligrams of heroin hydrochloride in Indianapolis, Indiana, on September 30, 1960. The indictment did not name the purchaser of the drug.

Petitioner Carpenter was advised by the Court of the nature of the charges against him and of his constitutional rights. He was given a copy of the indictment and thereafter, he entered a plea of not guilty to both counts of the indictment.

After hearing the evidence, including the testimony of Agent Clarence Cook, the jury found Carpenter guilty as charged. A motion for a new trial was sustained. After a second trial, a jury again found Carpenter guilty as charged.

Petitioner was represented by counsel, but no pre-trial motions were filed requesting the name of the purchaser to whom petitioner was alleged to have sold the narcotics. No motions were filed attacking the sufficiency of the indictment because the identity of the purchaser was not disclosed. No claim was made by petitioner that an insufficient apprisal of the nature of the charges against him was hampering the preparation of his defense.

In September 1964, petitioner filed a motion to vacate and set aside his sentence on the grounds that the indictment upon which he was convicted failed to name the person to whom he was alleged to have sold the narcotics. Petitioner relied principally on Lauer v. United States, 7 Cir., 320 F.2d 187 (1963), where we held it essential in order to validly charge the offense of an unlawful sale of a narcotic in violation of 26 U.S.C. § 4705(a) that the indictment name the purchaser. Upon the Lauer decision, the District Court released the petitioner from custody, and ordered the indictment in the same cause to be dismissed. From these two orders, the Government appeals pursuant to 18 U.S.C. § 3731.

In Collins v. Markley, 7 Cir., 346 F.2d 230, after an en banc hearing, this Court held that Lauer v. United States, supra, had been wrongly decided. We are now invited to retreat from our decision in Collins v. Markley, supra. We decline this invitation.

In respondent's brief and particularly on oral argument, reliance was placed on Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240. In Russell, the petitioner had been convicted of violating 2 U.S.C. § 192 which makes it a misdemeanor for a person summoned to testify before a committee of Congress, to refuse to answer "any question pertinent to the question under inquiry * * *." Motions had been filed by each petitioner to quash the indictment before trial for failure to state the subject under inquiry. We find nothing in Russell that indicates, in any way, that our decision in Collins v. Markley, supra, is erroneous. We adhere to and reaffirm our decision in that case.

It is understandable that the District Court felt bound by our decision in Lauer. But Lauer is no longer the rule of this Circuit. Furthermore, in the instant case, there was no prejudice to the defendant by the omission in the indictment of the alleged purchaser's name. Moreover, the record is clear that petitioner could successfully plead the judgment herein in bar to a later prosecution for the same offense.

On this appeal, Robert A. Lichtenauer, Esq. of the Indiana bar, has acted as court-appointed counsel for the petitioner. Counsel has rendered excellent and devoted service and this Court compliments him on it.

The District Court's orders and judgments rendered April 8, 1964, releasing the petitioner from custody and dismissing the indictment are

Reversed.