THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* FRANCISCO ARROYO RAMÍREZ, Defendant and Appellant.

No. CR-68-2.    Decided October 11, 1968.

*Iván H. Ayala Cádiz* for appellant. *Rafael A. Rivera Cruz, Solicitor General,* and *Héctor R. Orlandi Gómez, Assistant Solicitor General,* for The People.

MR. JUSTICE RIGAU delivered the opinion of the Court.

Appellant was accused, together with three other persons, of a violation of § 29 of the Narcotics Act, 24 L.P.R.A. § 974z, consisting in having heroin in their possession. Appellant herein was tried separately, in the Superior Court, San Juan Part, and a jury, unanimously, found him guilty.

On appeal he assigns the following errors:

"1. The trial court erred in admitting that the dropper could contain sufficient residue to make an analysis, without said analysis being affected by other chemical substances of the dropper itself.

"2. The trial court erred in admitting in evidence the articles occupied, according to the policemen, on defendant and his companions, in this case.

"3. The trial court erred in failing to instruct the gentlemen of the jury, specifically, in the sense that defendant having taken the witness stand, his testimony should be taken into consideration like that of any other witness.

"4. The trial court erred since the verdict returned in this case is contrary to the evidence, for it has not been proved, at any time, that the defendant was in possession of any drug whatsoever.

"5. The trial court erred in permitting the jury to cure the error committed after the same had been discharged."

The errors assigned were not committed. We shall explain.

The first assignment is frivolous. Chemist Fabián Álvarez Nazario offered an extensive and convincing testimony on the tests to which he submitted the drug. As to the dropper which had the needle, he testified that it showed positive of

heroin. He explained thoroughly the process he followed in performing the five analytic tests to which he submitted said evidence. He stated that "he did not have the slightest doubt that it was heroin."

■ As to the second assignment, it suffices to say that the evidence showed that policemen Martínez and Rosario were on patrol and that in response to a call from the Central Office in San Juan, they went to a certain place where there is or was an abandoned, shabby old house, doorless and windowless, from where a light came out, which later turned out to be a candle light. They arrived at the place and caught the four persons injecting themselves. They threw away the instruments, some of them through the window and the police gathered them: a bottle top or cap, a small plastic bag, a candle, and a dropper with a needle. Neither a problem involving illegal search or evidence illegally obtained is raised herein. Said guarantee does not cover abandoned structures or the seizure of evidence which is abandoned or thrown away by a person. *People* v. *Saura Gómez*, 90 P.R.R. 780, 781 (1964); *People* v. *González*, 83 P.R.R. 432 (1961); *People* v. *Del Valle*, 83 P.R.R. 439 (1961); *People* v. *Colón Colón*, 88 P.R.R. 182 (1963). There is no problem of illegal arrest either. In the light of the facts proved there is no doubt that the police had reasonable grounds to believe that an offense was being committed in their presence. Rule 11 of the Rules of Criminal Procedure; *People* v. *Acevedo González*, 95 P.R.R. 343 (1967); *Cepero Rivera* v. *Superior Court*, 93 P.R.R. 241, 244 (1966); *People* v. *Cabrera Cepeda*, 92 P.R.R. 68 (1965).

■ The third assignment is frivolous. The judge is not bound to charge the jury with the instruction which it is alleged was not given. Furthermore, the contention is brought too late. After the judge finished his instructions, he asked the parties whether they had any objection to make

in relation to the instructions, or whether they understood that additional instructions should be given, and the defense specifically answered no. (Tr. Ev. 140.) Rule 137 of the Rules of Criminal Procedure.

The fourth assignment lacks merit. It alleges that it was not proved, at any time, that defendant was in possession of any drug whatsoever. When he was caught by the police he was injecting himself. The dropper showed positive of heroin.

■ As to the fifth assignment, the following happened: A piece of paper was delivered to the jury, which contained a form in order that the foreman of the jury state the verdict therein. The law does not require that a specific form be filled out. What the law requires is that the foreman of the jury deliver the verdict in writing. Rule 145 of the Rules of Criminal Procedure. In this case the foreman wrote the verdict in the left lower part of the piece of paper. It can be read there "Unanimously X Guilty." The form also contains defendant's name and surname, the number of the case, the crime for which defendant has been tried, the date of the verdict, and the signature of the foreman of the jury.

After returning from the jury's room the foreman of the jury delivered the verdict in writing and the clerk of the court read it as follows: "Crim. G-63-772, The People of Puerto Rico v. Francisco Arroyo Ramírez, violation of the Narcotics Act of Puerto Rico, § 29, felony, 'We, the gentlemen of the jury, find defendant Francisco Arroyo Ramírez guilty of the violation of the Narcotics Act of Puerto Rico, § 29, felony, San Juan, Puerto Rico, July 13, 1967, signed, Héctor A. Hernández Lammutte, Foreman of the Jury, unanimously.' " The judge asked counsel for the defense whether he had any statement to make, and the latter answered, none. The judge accepted the verdict and stated that the gentlemen of the jury were excused. Then the counsel

for the defense stated to the court "that the manner in which this is written is not correct according to the law." The judge recalled the jury. This, the judge stated for the record, took only several seconds.

What counsel for the defense pointed out was that the word guilty did not appear in the form immediately following defendant's name. The judge and counsel dialogued on the matter. The jury was retained by order of the judge. The court ordered a short recess to discuss the matter. The court stated that it was a defect of form, that the decision and the will of the jury to find defendant guilty appeared clearly from the written document, and that he had no doubt that the verdict, as it had been made and expressed, was according to law. But to go even farther and to give the fairest opportunity to defendant, the judge, when the session was resumed, again delivered the piece of paper to the foreman of the jury and instructed the jury to return to the jury room and re-examine, under the same oath, their verdict, and to write the word guilty, or not guilty, according to their determination. The jury again returned the verdict of guilty, adding the word guilty immediately after defendant's name.

■ As may be seen, the judge wanted to be and was extremely cautious with defendant's rights. Actually, the verdict, as it was returned the first time, was sufficient, since it contained all the necessary elements and stated specifically "Unanimously Guilty." Furthermore, the correction made by the jury by again inserting in the form the word guilty, beside defendant's name, was merely a correction of form. The important thing is to determine the true intention of the jury and the latter was stated clearly and expressly in the written verdict brought the first time. The latter said "Unanimously Guilty." But even more reasonably, if the amendment had been necessary, the latter was made, and because it was merely an amendment of form,

it could be made. *People* v. *Martínez Díaz*, 90 P.R.R. 456, 461 (1964); *People* v. *Piazza*, 60 P.R.R. 561, 569 (1942); *Shiflett* v. *Welch*, 161 F.2d 933, *cert. denied*, 332 U.S. 777; *State* v. *Poe*, 38 So.2d 359, 362; 4 Barron & Holtzoff, Federal Practice and Procedure (Criminal Procedure), § 2241; 5 Wharton, Criminal Law and Procedure, § 2149.

In *People* v. *Piazza*, *supra*, the situation was almost identical with the case at bar. The validity of the amended verdict was sustained. Anyway, in the case at bar the amendment, although made, was unnecessary. The intention of the jury, as we have stated, was expressed clearly in the original verdict and the same was valid. *People* v. *Martínez Díaz*, *supra* at pp. 461–462.

The judgment rendered in this case by the Superior Court, San Juan Part, on July 18, 1967, will be affirmed.

Mr. Justice Santana Becerra did not participate herein.