**Leon JACKSON, Appellant,**

v.

**UNITED STATES of America.**

**No. 22823.**

United States Court of Appeals, District of Columbia Circuit.

Nov. 19, 1970.

Mr. Charles Jay Pilzer, Washington, D. C. (appointed by this Court), was on the brief for appellant.

Messrs. Thomas A. Flannery, U. S. Atty., John A. Terry, David C. Woll, and Warren R. King, Asst. U. S. Attys., were on the brief for appellee.

Before MacKINNON, ROBB and WILKEY, Circuit Judges, in Chambers.

PER CURIAM:

In 1961 appellant was convicted of felony murder during an armed robbery. On appeal his conviction was upheld.[1] Subsequently he filed a motion in the District Court to vacate under 28 U.S.C. § 2255. From denial of this motion he appeals anew.

During the course of the trial confessions of two of appellant's accomplices, implicating appellant, were admitted in evidence. Prior to their admission the trial judge held a hearing outside the jury's presence, then admitted the statements with the proper instruction as to admissibility only as to the defendant making the statement. Confessions of both accomplices stated that the fatal

---

1. Jackson v. United States, 114 U.S.App.D.C. 181, 313 F.2d 572 (1962).

shot had been fired by appellant, and appellant's own confession also admitted this.

The two accomplices took the stand, denied their participation in the robbery and murder, and repudiated their confessions as coerced and untrue. Their convictions were set aside by this court on the grounds of unnecessary delay prior to obtaining the confession.[2] Mallory v. United States.[3] After the testimony of each accomplice, appellant had the opportunity to cross-examine, but declined to do so. Appellant's defense was based on alleged intoxication at the time of the offense and an inability to recollect what had happened.

Appellant's first argument here is that at the trial the judge did not make an independent determination that appellant's confession was voluntary beyond a reasonable doubt prior to admitting his confession. However, the same trial judge on this motion to vacate did consider this question and did determine that the confession was voluntary beyond a reasonable doubt. In his opinion denying appellant's motion the District Judge called attention to the fact that the decisional law at the time of trial in 1961 did not call upon him to make an initial determination of voluntariness before submitting a confession to the jury. Jackson v. Denno (1964).[4]

This court (*en banc*) in Pea v. United States[5] recognized that the question of the retroactive effect of Jackson v. Denno might arise even after appeal by collateral attack on the conviction under 28 U.S.C. § 2255. The trial judge here followed the procedure called for by this court in *Pea* and made the requisite determination of voluntariness.

Appellant's second argument is that he was denied his Sixth Amendment right of confrontation because the confessions of two codefendants implicating appellant were admitted and these defendants repudiated their confessions at the trial. Appellant relies upon Bruton v. United States,[6] where the Court held that a defendant is denied his constitutional right of confrontation if the confession of a codefendant implicating him is admitted in a joint trial, and the codefendant does not take the stand to testify. However, here both of appellant's codefendants took the stand on their own behalf; they were clearly subject to cross-examination by appellant had his counsel so desired. Appellant's counsel would have had full leeway to bring out all details of the alleged coerced confessions of the codefendants and any details confirmatory of the non-involvement of the appellant at the time of the offense. That appellant's counsel at trial did not do so was probably a matter of trial strategy, since his defense rested on intoxication.

Whatever comfort appellant derived from his own interpretation of *Bruton* and the dictum in Douglas v. Alabama [7] has been completely vitiated by the Supreme Court in California v. Green,[8] decided after appellant's brief was filed. In *Green* the Court permitted the state prosecution to introduce prior statements of a witness as affirmative evidence, and in justification thereof concluded that "the Confrontation Clause does not require excluding from evidence the prior statements of a witness who concedes making the statements, and who may be asked to defend or otherwise explain the inconsistency between

---

2. Tatum v. United States, 114 U.S.App. D.C. 188, 313 F.2d 579 (1962); Coleman v. United States, 114 U.S.App.D.C. 185, 313 F.2d 576 (1962).

3. 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957).

4. 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

5. 130 U.S.App.D.C. 66, 397 F.2d 627 (1968).

6. 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

7. 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965).

8. 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed. 2d 489 (1970).

his prior and his present version of the events in question, thus opening himself to full cross-examination at trial as to both stories." [9] This was appellant's trial situation in the case at bar. We hold there was no denial of his right of confrontation.

Affirmed.

---

9. 399 U.S., at 164, 90 S.Ct., at 1938.