618

## SHAVER v. UNITED STATES.
### No. 11974.

United States Court of Appeals
Ninth Circuit.

May 2, 1949.

James T. Davis, of San Francisco, Cal., for appellant.

Frank J. Hennessy, U.S. Atty., and Daniel C. Deasy, Jr., Asst. U.S. Atty., both of San Francisco, Cal., for appellee.

Before STEPHENS and HEALY, Circuit Judges, and FEE, District Judge

JAMES ALGER FEE, District Judge.

The indictment in this case charges embezzlement by employee of a carrier under the 1946 amendment of 18 U.S.C.A. § 409,[1] which reads as far as pertinent here as follows:

" * * * being an employee of any carrier riding in, on or upon any railroad car, motortruck, steamboat, vessel, aircraft, or other vehicle of such carrier transporting passengers or property in interstate or foreign commerce and having in his custody funds arising out of or accruing from such transportation, embezzle or unlawfully convert to his own use any such funds; * * "

The appellant pleaded not guilty, waived jury, and was tried by the court. The judge found defendant guilty and placed him on probation. It is the contention of the appellant that no crime was charged under the allegations of the indictment or committed under the admitted facts. The appellant was an employee of the Railway Express Agency, driving a truck in and about San Francisco, distributing freight from railroad yards to consignee. On each of two occasions, appellant delivered a shipment originating in another state to the consignee and collected charges arising out of and accruing from such transportation, and thereafter embezzled such funds. It was not charged nor proved that the vehicle was moving in interstate or foreign commerce at the time of the conversion of the funds. It was not alleged nor proved that appellant was riding in, on or upon any motor truck of the carrier at the time he had in custody and converted the funds to his own use. It was not alleged nor proved

---

[1] 60 Stat. 656, Public Law 534, c. 606 [now 18 U.S.C.A. § 660].

that the vehicle of the carrier was transporting persons or property in interstate or foreign commerce at the time the appellant, riding therein, thereon or thereupon, had in custody and converted such funds to his own use.

Although property is still in transportation in interstate commerce until delivery to the consignee, thereafter it is not in interstate commerce at all. The coverage of criminal statutes cannot be supplied by implications. While Congress could have made it a crime to convert such funds arising out of an interstate shipment unconditionally, as was the case of the section relating to "officers" of the carrier,[2] this was not done with regard to other employees. The statute required, in order to constitute a crime, that appellant be riding on a vehicle of the carrier, that the vehicle be moving in interstate commerce, or that the vehicle be transporting property in interstate commerce at the time appellant had funds arising out of such transportation and converted such funds to his own use. As pointed out above, after the particular shipment was delivered, there was no proof that appellant was then riding upon a vehicle of the carrier which was transporting goods in interstate or foreign commerce.

Therefore, the acts thus denounced were neither charged in the indictment nor proved in fact.

There was one salient circumstance of consequence which was never called to the attention of the learned trial judge. The intention of Congress, as shown by the wording of the statute, was not to extend control of the funds arising out of interstate shipment in this type situation. In the revision of this section,[3] the intent of the previous statute is made perfectly clear. Section 660 of the revision has a verbal rearrangement which sets out in bold relief the governing purpose. This portion of the present text reads: a "vehicle of such carrier moving in interstate commerce," a substitute for the "vehicle of such carrier transporting passengers or property in interstate or foreign commerce" of the former act, which we are required to construe. The purpose of the revision was to clarify. It is clear that Congress did not create this new crime for only two years and abolish it by the revision. It can be properly argued that Congress never intended the extension of the meaning of the statute claimed here by construction of the words.

But whether this be true or no, neither allegation nor proof brought the acts of appellant within the language of the statute, even if given the broadest construction possible. While the trial judge placed appellant on probation and gave him most lenient treatment, considering the moral elements involved, we are constrained to hold no crime under the statute then in force was charged or committed.

The cause is remanded with direction to dismiss the indictment.

---

[2] 38 Stat. 733, c. 323, § 9, then in effect as former 18 U.S.C.A. § 412 [now § 660].

