William Lee **BENNETT**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

**No. 5715.**

United States Court of Appeals
Tenth Circuit.

Jan. 31, 1958.

Earl Boyd Pierce, Muskogee, Okl. (Arthur L. Brook, Muskogee, Okl., on the brief), for appellant.

Harry G. Fender, Asst. U. S. Atty., Muskogee, Okl. (Frank D. McSherry, U. S. Atty., and Paul M. Brewer, Asst. U. S. Atty., Muskogee, Okl., on the brief), for appellee.

Before MURRAH, LEWIS and BREITENSTEIN, Circuit Judges.

LEWIS, Circuit Judge.

Appellant was convicted upon two counts of an indictment charging violations of the Internal Revenue laws relating to intoxicating liquor. For failure to pay the special tax required of a wholesale dealer in liquor he was sentenced to a year and a day and fined $750.00. 26 U.S.C.A. §§ 5111, 5691. For a violation of the duty imposed upon a wholesale dealer to keep records he received a like penal sentence and was fined $250.00. 26 U.S.C.A. §§ 5114, 5621. The penal sentences imposed were designated to run concurrently.[1] Complaint is now made to the sufficiency of the indictment and to certain of the court's instructions.

■ The attempt to attack the sufficiency of the indictment is without merit and requires little consideration. No presentation of the claim was made before trial, a clear non-compliance with

Rule 12(b) (2) of the Rules of Criminal Procedure, 18 U.S.C.A.[2] Since appellant's only claim is that the indictment lacks detail negativing exceptions to the provision of Sec. 5111 and further detail showing him to be a wholesale dealer, the criticism is to the form of the indictment, not to the substantive or jurisdictional allegations. Pickett v. United States, 216 U.S. 456, 30 S.Ct. 265, 54 L.Ed. 566; Elder v. United States, 9 Cir., 142 F.2d 199.

Appellant points to alleged error in two regards in the court's charge relating to Count III. Both contentions are adequately protected by exceptions.

We note those portions of the court's instructions pertinent to appellant's assertion that the charge constitutes a direction of a verdict of guilty.[3]

■ Two possible interpretations may be made to the court's statement "So, I'll submit that count to you but you must find as to that count, you must find beyond a reasonable doubt that he did fail and neglect to keep the records re-

---

1. The indictment was in three counts, appellant being found guilty under Counts I and III. Count II, charging under 26 U.S.C.A. §§ 5116, 5681, was dismissed by the government.

2. Defenses and objections based on defects in the institution of prosecution or in the indictment and information other than the failure to show jurisdiction in the Court or to charge an offense may be raised only by motion before trial. The motion shall include all such defenses and objections when available to the defendant. Failure to present any such defense or objection as herein provided constitutes a waiver thereof, but the Court for cause shown may grant relief from the waiver. Lack of jurisdiction or the failure of the indictment or information to charge an offense shall be noticed by the Court at any time during the pendency of the proceeding.

3. "So, you get down to the third count (and) whether or not the defendant kept and maintained or whether he failed, neglected and refused to keep records in the form prescribed by the Commissioner of Internal Revenue.

"I agree with the attorney for the defendant that there was no refusal, that is, no positive refusal; but in my judgment, I think I'm not doing any violence by the argument made by the attorney that he did not keep the records as required. In other words, I'm saying to you that in my judgment there is no valid defense for the third count.

"Now, I'm going to submit it to you. However, it's a rare thing that the Judge can instruct a verdict of guilty. I'm going to submit it to you. If you disagree with me, you have a right to disagree with me. So, I'll submit that count to you but you must find as to that count, you must find beyond a reasonable doubt that he did fail and neglect to keep the records required.

\* \* \* \* \*

"I have finished with the law of the case, and you are bound by the law that the Court gives you, but you are the judges of the facts.

"You are the sole judges of the weight of the evidence and the credibility of the witnesses and it's your duty to accept the law as given you by the Court, but as to the facts, you are the sole judges."

quired." Isolating this sentence from the rest of the charge the words may well be read to constitute a mandate to the jury upon a question of fact determinative of guilt or innocence. Such an instruction would ordinarily be error requiring reversal. But in the instant case the determinative facts were undisputed and noted as such by the trial court. Credibility was not an issue. In such case, says Mr. Justice Holmes in Horning v. District of Columbia, 254 U.S. 135, 41 S.Ct. 53, 65 L.Ed. 185, the function of the jury is little more than formal and no reversible error occurs when a trial court instructs a jury in effect to find a defendant guilty upon undisputed facts so long as the jury is allowed the technical right to decide against the law and the facts. No later pronouncement of the Supreme Court has overruled or modified Horning although many cases find easy grounds of distinguishment. Cf. United States v. Murdock, 290 U.S. 389, 54 S.Ct. 223, 78 L.Ed. 381; United States v. Meltzer, 7 Cir., 100 F.2d 739; Carney v. United States, 9 Cir., 295 F. 606.

But it is fundamental law that instructions must be considered as a whole and that individual sentences should be considered in light of the entire charge. Moffitt v. United States, 10 Cir., 154 F.2d 402; Haskell v. United States, 10 Cir., 241 F.2d 790. And it is apparent that the court, though expressing a firm opinion as to the impact of the evidence, is reserving the ultimate decision to the jury and is intending to give no mandate. The questioned words should be interpreted in favor of consistency rather than isolated to create conflict.

Appellant further asserts that the instruction is faulty through inclusion of the word "fail" since the word nowhere appears in Sec. 5621. "Fail" and "neglect" are often used synonymously and we can see no possible prejudice to appellant from this choice of words.

The judgment is affirmed.