Clone S. CLAY, Appellant,

v.

UNITED STATES of America, Appellee.

No. 7467.

United States Court of Appeals Tenth Circuit.

Dec. 24, 1963.

Charles C. Green, Oklahoma City, Okl., for appellant.

Jack R. Parr, Asst. U. S. Atty. (B. Andrew Potter, U. S. Atty., on the brief), for appellee.

Before MURRAH, Chief Judge, and HILL and SETH, Circuit Judges.

HILL, Circuit Judge.

Clay appeals from an order of the lower court denying, without a hearing, a motion by him under 28 U.S.C.A. § 2255, to vacate and set aside his conviction and sentence imposed for violations of the narcotics laws. The motion was summarily denied upon the ground that the "motion and the files and records of the case conclusively show that the petitioner is entitled to no relief."

The record discloses that appellant was charged in a three-count indictment and in a one-count information with four separate illegal sales of narcotics in violation of 26 U.S.C.A. § 4705(a). The four counts were consolidated for trial without objection but, shortly before the time set for trial, appellant withdrew his pleas of not guilty and entered pleas of guilty to all four counts. Clay was sentenced to imprisonment for a term of ten years on each of the four counts with the sentences to run consecutively. This was Clay's third unsuccessful attempt in the court below to invalidate the sentences imposed and is the second appeal to this court.[1]

The only points raised on this appeal relate to the sufficiency of the indictment and information, which appellant contends are legally insufficient because: (1) In each of the four counts of the indictment and information the statutory

---

1. Clay v. United States, 10 Cir., 303 F.2d 301, cert. denied 372 U.S. 970, 83 S.Ct. 1095, 10 L.Ed.2d 132.

language "Secretary or his delegate" is omitted; and (2) in each of such counts the name of the person to whom the narcotics were alleged to have been sold is not shown.

Rule 7(c), F.R.Crim.P., 18 U.S. C.A., provides that an indictment or information " * * * shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. * * * " The sufficiency of an indictment or information is to be determined by practical rather than technical considerations.[2] The test is not whether the indictment could have been made more definite and certain. Rather, before a conviction, the indictment standing alone must contain the elements of the offense intended to be charged and must be sufficient to apprise the accused of the nature of the offense so that he may adequately prepare a defense. And, after a conviction, the entire record of the case must be sufficient so as to enable the accused to subsequently avail himself of the plea of former jeopardy if the need to do so should ever arise.[3] The same rule or test is applicable on a collateral attack by motion under section 2255 to vacate and set aside a conviction and sentence.[4] However, after a verdict or plea of guilty, every intendment must be indulged in support of the indictment or information and such a verdict or plea cures mere technical defects unless it is apparent that they have resulted in prejudice to the defendant.[5] Prejudice to the defendant is, of course, a controlling consideration in determining whether an indictment or information is sufficient.[6]

We have no difficulty in concluding that the indictment and information, when measured by the standards of the foregoing rules, are sufficient as against the collateral attack on the ground of omitting the statutory language, "Secretary or his delegate". This is a purely technical argument or matter which is based upon the substitution in the indictment and information for that language, of the phrase "District Director of Internal Revenue". The function of the issuing of blank order forms for the sale of narcotics has in fact been delegated to the district directors of internal revenue. 26 C.F.R. § 151.143.

The second point raised by appellant cannot be disposed of so easily, primarily because of the very recent case of Lauer v. United States, 7 Cir., 320 F.2d 187. In that case, the Seventh Circuit held that an indictment charging the unlawful sales of narcotics in violation of section 4705(a), which did not set forth the name of the person to whom the unlawful sales were alleged to have been made, was so defective that a motion under section 2255 to vacate and set aside the sentence should be granted, even though the defendant was informed of the identity of that person on the day of trial. The court, while holding that the identity of the purchaser was not an element of the offense, based its decision upon the view that " * * * the identity of the 'person to whom' such a sale is alleged is a factor 'central to every prosecution under the statute' and of which the accused is entitled to be apprised by the indictment. * * * " (320 F.2d at 191). The case of Russell v. United

2. Braswell v. United States, 10 Cir., 224 F.2d 706, cert. denied, 350 U.S. 845, 76 S.Ct. 86, 100 L.Ed. 752; Jackson v. United States, 114 U.S.App.D.C. 181, 313 F.2d 572.

3. Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240; United States v. Debrow, 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 92; Cefalu v. United States, 10 Cir., 234 F.2d 522; Madsen v. United States, 10 Cir., 165 F.2d 507.

4. Yates v. United States, 10 Cir., 316 F. 2d 718; United States v. Roberts, 4 Cir., 296 F.2d 198, cert. denied, 369 U.S. 867, 82 S.Ct. 1033, 8 L.Ed.2d 85.

5. Crapo v. United States, 10 Cir., 100 F. 2d 996; Fippin v. United States, 9 Cir., 162 F.2d 128; United States v. Beck, 7 Cir., 118 F.2d 178, cert. denied, 313 U.S. 587, 61 S.Ct. 1121, 85 L.Ed. 1542; Finn v. United States, 4 Cir., 256 F.2d 304.

6. Stapleton v. United States, 17 Alaska 713, 260 F.2d 415.

States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240, was cited in support of this view. After giving careful consideration to the Lauer and Russell decisions and for the reasons hereinafter discussed, we reach a different conclusion on the question and therefore respectfully decline to follow the Lauer case.

The elements of the statutory offenses with which appellant was charged under section 4705(a) are as follows: (1) The selling, bartering, exchanging or giving away narcotic drugs; (2) except in pursuance to a written order on a form issued in blank by the Secretary of the Treasury or his delegate. The statute makes no provision or requirement with respect to the identity of the person to whom an illegal sale is made and we must therefore conclude, as the court did in the Lauer case, that the identity of such person is not an element of the offense. Hence, the indictment and information in this case cannot be considered to be defective because of a failure to allege the elements of the offense. Nor do we think the indictment and information are defective on the ground that they failed to apprise the appellant of what he must be prepared to meet at the trial. Appellant did not request a trial, but rather entered pleas of guilty. And, in any event, the record clearly discloses that appellant was fully aware of the nature of the charges against him.

Appellant's strongest argument here is that he would be unable to plead this conviction as a bar to a subsequent prosecution for the same offense inasmuch as the identity of the person to whom he made the illegal sales is not shown in the indictment and information. It is true that the identity of such person is not shown. But appellant would not be confined to the allegations of the indictment and information, standing alone, if it ever became necessary for him to enter a plea of former jeopardy. Clearly, appellant could rely upon other parts of the record in the event that future proceedings should be taken against him.[7] And, the record discloses that in response to a question by the trial court prior to sentencing, appellant admitted that he sold narcotics to a federal man.[8] The federal man referred to is identified in the record as "Ernest Hill". There is therefore no question but what a plea of former jeopardy can be made on the present record. We need not decide here then whether an indictment would be fatally defective in which neither the indictment nor the record disclosed the identity of the person to whom the sale was made.

We conclude that the indictment and information in this case are sufficient under the general principles of law by which they must be tested. Certainly, there is nothing in the record before us to indicate that appellant was prejudiced in any way by virtue of the defects asserted in the motion.

Affirmed.

---

7. Russell v. United States, supra, 369 U.S. at 764, 82 S.Ct. at 1047, 8 L.Ed.2d 240.

8. "The Court: Well, you sold 800 dolophine tablets, didn't you, to a Federal man for $125.00?"
"The Defendant: Yes, sir, I admit that."