Fernando Lucret **GALARZA**, Petitioner,

v.

**UNITED STATES** of America,
Respondent.

Civ. No. 165–64.

United States District Court
D. Puerto Rico.

May 20, 1964.

Fernando Lucret Galarza, petitioner, pro se.

Francisco A. Gil, Jr., U. S. Atty., San Juan, P. R., for respondent.

RUIZ-NAZARIO, Chief Judge.

Petitioner herein has requested that this Court authorize him, pursuant to Sec. 1915, Title 28, U.S.C.A., to prosecute an appeal to the United States Court of Appeals for the First Circuit from my order of April 27, 1964, summarily denying his motion under Sec. 2255, Title 28, U.S.C.A. to vacate and set aside this Court's judgment and sentence of December 9, 1960 in Criminal No. 110–60.

To support the contention that his appeal is not frivolous, that it is taken in good faith, and that there is a substantial question of law involved in it, he cites Lauer v. United States (1963) 326 F.2d 196 (sic).

The case reported in 326 F.2d 196 is that of Clay v. United States of the 10th Cir., decided in 1963 in which it was held, contrary to petitioner's contention herein, that the indictment and information therein charging illegal sales of narcotics were sufficient as against collateral attack by motion to vacate sentence, though in each of the counts the name of the person to whom the narcotics were alleged to have been sold was not shown.

However, in Clay v. United States, supra, the Court distinguished a contrary holding in the "very recent case of Lauer v. United States, 7 Cir., 320 F.2d 187", which is, no doubt, the case that petitioner meant to cite in support of his motion.

Although Clay v. United States, supra, is the latest judicial deliverance on the subject and appears to be the better law, it is believed that the summary disposition made by this Court by its aforesaid order of April 27, 1964, denying petitioner's motion, under Sec. 2255, Title 28, U.S.C.A., must be reconsidered by the Court, sua sponte, to permit petitioner, through his own, or a Court designated attorney further to argue his motion and demonstrate that Lauer v. United States, supra, and not Clay v. United States,

supra, is the applicable decision under the facts and circumstances involved in Criminal 110–60.

It is so ordered.

Notice of petitioner's motion and accompanying papers under Sec. 2255, Title 28, U.S.C.A. shall be served on the United States Attorney, and on Charles H. Juliá, Esq., who was the attorney who represented petitioner in all the proceedings in Criminal No. 110–60; and who is hereby designated by the Court as petitioner's attorney herein, unless petitioner notifies the Court that he has contracted the services of some other attorney to represent him in this action.

A hearing on said motion is hereby set for June 5, 1964 at 9:30 A.M.

Notice of this order must be promptly mailed to petitioner.

■ His motion to proceed with an appeal in forma pauperis having become moot on account of the present ruling, the same is hereby denied.