**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James B. KIMBALL, Defendant-
Appellant.**

**No. 528–70.**

United States Court of Appeals,
Tenth Circuit.

April 29, 1971.

Rehearing Denied June 16, 1971.

Jeff R. Laird, Asst. U. S. Atty., Oklahoma City, Okl. (William R. Burkett, U. S. Atty., Oklahoma City, Okl., with him on the brief), for plaintiff-appellee.

John Chiaf, Oklahoma City, Okl., for defendant-appellant.

Before PICKETT and HOLLOWAY, Circuit Judges, and BRATTON, District Judge.

PICKETT, Circuit Judge.

This is an appeal from a conviction and sentence upon an indictment charging appellant Kimball with embezzling and converting to his own use funds belonging to his employer arising from interstate commerce in violation of 18 U. S.C. § 660.[1] Kimball offered no defense and only questions of law are presented.

1. The Indictment reads:
"The Grand Jury charges:
"On or about the 13th day of October, 1969, at Oklahoma City, Oklahoma County, in the Western Judicial District of Oklahoma, _____ JAMES B. KIM-

BALL, _____ being then and there an employee of Foreman Transfer Company, a firm engaged in interstate commerce as a common carrier, riding upon a motor truck of such carrier moving in interstate commerce, did wilfully and knowingly em-

Ray Foreman of Crete, Nebraska was in the business of trucking commodities in interstate commerce under the name of Foreman Transfer Company. On October 11, 1969, Kimball, a truck driver for Foreman, left Nebraska in the course of his employment with a truckload of grain for delivery to Ralston Purina Company in Oklahoma City, Oklahoma. The delivery was made during the morning of October 13 and Purina, in payment for the grain, delivered its check in the sum of $1,057.16 to the truck driver. Kimball then telephoned Foreman for instructions and was told to return to Crete, Nebraska. Shortly thereafter, Foreman's truck was driven into a truck service station in Oklahoma City where, at the request of the driver, it was serviced. The driver advised the station operator that he was Ray Foreman and had lost his wallet and cash the night before, and had only the Purina check. After endorsement, the Purina check was accepted by the service station operator and sent to the bank to be cashed. The proceeds of the check were delivered to the truck driver, who then paid the service charges amounting to approximately $70.00. The truck was driven away by the person representing himself to be Foreman, and it was later found abandoned in Oklahoma City. Kimball did not return to Crete, Nebraska. At the trial, the operator of the truck service station and his bookkeeper identified Kimball as the person who endorsed the Purina check, representing himself to be Ray Foreman, and the same person to whom the proceeds of the check were paid.

■ Kimball's first proposition is that the Indictment does not charge an offense under § 660,[2] nor was there proof at the trial of a violation of the statute. The record does not disclose that any attack was made upon the sufficiency of the Indictment prior to or during the trial, under which circumstances a verdict or plea of guilty "cures mere technical defects unless it is apparent that they have resulted in prejudice to the defendant." United States v. Mason, 440 F.2d 1293 (10th Cir. 1971); Clay v. United States, 326 F.2d 196 (10th Cir. 1963), cert. denied, 377 U.S. 1000, 84 S.Ct. 1930, 12 L.Ed.2d 1050 (1964). In any event, the Indictment is substantially in the language of the statute and states clearly and concisely the essential facts of the offense charged. It is adequate to apprise the accused of the nature of the charge so as to enable him to prepare his defense, and is legally sufficient. Fed.R.Crim. P. 7(c); Mims v. United States, 332 F. 2d 944 (10th Cir. 1964), cert. denied, 379 U.S. 888, 85 S.Ct. 158, 13 L.Ed.2d 92 (1964).

■ The argument that the evidence does not show that the truck was moving in interstate commerce when the funds were received is without merit. As we understand Kimball's argument, it is that when the grain was delivered to Purina the interstate character of the shipment ceased; consequently, an embezzlement of the proceeds thereafter would not be a violation of § 660 because Kimball was not riding in a truck transporting goods in interstate commerce, citing Shaver v. United States, 174 F.2d 618 (9th Cir. 1949). The truck driver in the *Shaver* case was an employee of the Railway Express Agency engaged locally in delivering freight

bezzle, misapply and convert to his own use funds of such firm arising from interstate commerce, in violation of Title 18, United States Code, Section 660."

2. The pertinent part of § 660 is as follows:
  " * * * any firm * * * engaged in commerce as a common carrier, or whoever, being an employee of such common carrier riding in or upon any * * * motortruck * * * or other vehicle of such carrier moving in interstate commerce, embezzles * * * or wilfully misapplies * * * any of the moneys, funds * * * or assets of such firm * * * arising or accruing from, or used in, such commerce, in whole or in part, or willfully or knowingly converts the same to his own use * * * shall be fined not more than $5,000 or imprisoned not more than ten years, or both."

received from interstate shipments to consignees in San Francisco. Neither the local delivery truck nor its driver had moved in interstate commerce, a situation which the court thought was not a violation of § 660. The case here is entirely different. Kimball was engaged in making an interstate delivery; he received payment on behalf of his employer for the interstate shipment, and he was in the process of making the return trip to Nebraska when he absconded with the funds arising and accruing from the interstate shipment. In our view, it was conduct of this nature that the statute was intended to cover.

■ It is next contended that Kimball was not adequately identified as the person who endorsed the Purina check and received the proceeds therefrom; and further, that prior use of photographs by investigating officers prejudicially tainted the testimony of the identifying witnesses. The operator of the truck service station testified that at about 9 a.m. on October 13, 1969, a person representing himself to be Ray Foreman drove his truck into the station, where he spent considerable time with the witness explaining his financial condition and persuading him to accept the Purina check. He identified Kimball as the person who endorsed the check, received the proceeds after it had been cashed, and then left the station in the truck. The witness also testified that sometime thereafter he was shown photographs which he could not identify as those of Kimball. It was not established that the photographs shown to the witness were those of Kimball. But assuming they were, the record discloses no impermissive suggestion in the use of photographs for identification purposes. When the service station operator saw Kimball in person, he was able to identify him without hesitation or equivocation. See Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); United States v. Mason and Edwards, 440 F.2d 1293 (10th Cir. 1971). The station bookkeeper identified Kimball as the person who presented the check at the service station, but stated that she could be mistaken. Any uncertainty in the identifying process was for the jury to determine.

■ The remaining issues urged are that the court abused its discretion in not granting a continuance made immediately before trial, and that the court was without jurisdiction to try the case. For various reasons, trial had been delayed some months, principally due to Kimball's incarceration in another jurisdiction and the illness of Foreman, the owner of the truck. The granting of a continuance is discretionary, and a trial court's denial will be reversed only upon a showing of abuse of discretion. United States v. Mason and Edwards, *supra*, and cases cited. We find no abuse of discretion.

■ The jurisdictional claim grows out of a writ of habeas corpus ad prosequendum directed to the United States Marshal to return Kimball for trial to the District of Oklahoma from the State of Illinois where he was being confined by state authorities. Jurisdiction to enter an order of this nature was approved in Carbo v. United States, 364 U.S. 611, 81 S.Ct. 338, 5 L.Ed.2d 329 (1961). See also Hill v. United States, 186 F.2d 669 (10th Cir. 1951); Rohr v. Hudspeth, 105 F.2d 747 (10th Cir. 1939). We find no prejudicial error in the trial court's proceedings.

Affirmed.