**UNITED STATES of America, Plaintiff,**

v.

**Modesto Vazquez RECA, Defendant.**

**Crim. No. 364–72.**

United States District Court, D. Puerto Rico.

Jan. 12, 1973.

---

3. The representative sample does not include an intra-union appeal by a member of Local 830.

Julio Morales-Sanchez, U. S. Atty., San Juan, P. R., for plaintiff.

Manuel A. Guzman, San Juan, P. R., for defendant.

## ORDER

TOLEDO, District Judge.

The indictment handed down in this action charges the defendant, an employee of a carrier, with embezzlement under Title 18, United States Code, Section 660, which reads in its pertinent part, as follows:

"Whoever, being a president, director, officer or manager of any firm, association or corporation engaged in commerce as a common carrier, or whoever being an employee of such common carrier riding in or upon any railroad car, motor truck, steamboat, vessel, aircraft or other vehicle of such carrier moving in interstate commerce, embezzles . . . "

The defendant moves that this Court dismiss the indictment on grounds that it does not state facts sufficient to constitute an offense against the United States. The government has duly filed its memorandum in support of its opposition to said dismissal, in compliance with Rule 2(f) of this Court.

The indictment as far as is pertinent to decide the aforementioned motion, reads as follows:

"Modesto Vazquez Reca, the defendant herein, . . . while riding in and upon a motor truck of such carrier moving merchandise travelling in interstate commerce . . . "

Nowhere in the indictment is it alleged that the carrier, upon which the defendant was riding when it is alleged the funds were stolen, was traveling in interstate commerce. The government argues that if the merchandise carried by the truck at the moment of the theft is traveling in interstate commerce, then the truck is to be held as traveling in interstate commerce also.

The speciousness of such a contention is revealed by the legislative history of the statute under which the present indictment is brought. Before amendment to its present form, the statute read in its pertinent part, as follows:

"Whoever shall embezzle . . . any goods or property moving as or which are a part of or which constitute an interstate or foreign shipment . . . "

(July 24, 1946, Ch. 606, 60 Stat. 656).

■■ The present indictment would have been appropriate had it been brought under the previous statute. As the present statute deals with a carrier, and not simply merchandise, moving in interstate commerce, this Court must conclude the Legislature intended such a change in working to mean that for

335

an offense to be properly charged under Section 660, Title 18, United States Code, it must be alleged that the carrier is traveling in interstate commerce. This circumstance, although in dictum, was clearly discussed in Shaver v. United States (9 Cir. 1949), 174 F.2d 618, which case, like this one, dealt with an indictment lacking an allegation that the carrier in question was traveling in interstate commerce at the time of the theft.

In view of the foregoing, we find it necessary to enter into defendant's second argument concerning the applicability of Title 18, United States Code, Section 660 to the Commonwealth of Puerto Rico. The indictment is hereby dismissed without prejudice to the government to seek a new indictment from the Grand Jury if the cause is not time barred.

It is so ordered.