UNITED STATES of America,
Appellee,

v.

Ronald Lee TYE, Appellant.

No. 74–1710.

United States Court of Appeals,
Tenth Circuit.

Argued May 21, 1975.
Decided July 31, 1975.
Certiorari Denied Nov. 17, 1975.
See 96 S.Ct. 400.

John O. Martin, Asst. Federal Defender, Kansas City, Kan., for appellant.

Richard D. Simpson, Asst. U. S. Atty. (Robert J. Roth, U. S. Atty., with him on the brief), for appellee.

Before LEWIS, Chief Judge, and SETH and McWILLIAMS, Circuit Judges.

SETH, Circuit Judge.

Ronald Lee Tye appeals from his conviction of violating 18 U.S.C. § 660. The facts in the case are undisputed. Defendant was employed as a truck driver for United Parcel Service, Inc. at its office in Kansas City, Kansas. He delivered packages in Kansas City, Kansas, and in adjoining areas in Kansas, although many of the packages had come from other states. The defendant in making deliveries did not cross state lines. It is alleged that he delivered C.O.D. packages which had been sent from Illinois, Ohio, Florida, and Minnesota, collected the money due on these parcels, but failed to remit it to United Parcel Service. He was thus charged and convicted on an information alleging violation of 18 U.S.C. § 660.

The defendant raises three related points on appeal: (1) the court erred in failing to dismiss the information for failure to correctly allege the elements of the crime; (2) the court erred in failing to grant a judgment of acquittal because the Government did not prove all of the elements of the crime; (3) the court erred in instructing the jury that one of the elements of the crime had been proved as a matter of law.

As applicable here, 18 U.S.C. § 660 provides:

"Whoever, . . . being an employee of such common carrier riding in or upon any . . . <u>motortruck, . . . of such carrier moving in interstate commerce,</u> embezzles, steals, . . . or willfully misapplies, . . any of the moneys, . . . arising or accruing from, . . . such commerce, . . . shall be fined not more than $5,000 or imprisoned not more than ten years, or both." (Emphasis added).

The questions on appeal relate to the underlined language, and generally to the problem as to whether the truck referred to in the statute must cross state lines before an offense can be charged.

The information filed in the case charged:

"On or about March 21, 1974, in the District of Kansas, and within the jurisdiction of this Court, RONALD LEE TYE being an employee, that is a truck driver for United Parcel Service, Inc., a body corporate engaged in com-

merce as a common carrier, and while riding in and upon a <u>motor truck of such carrier delivering goods moving in interstate commerce</u> from Chicago, Illinois, Addison, Illinois, Niles, Illinois, Alexandria, Minnesota, Cincinnati, Ohio and Miami, Florida, to Olathe, Kansas, wilfully and knowingly did embezzle, steal and convert to his own use the approximate sum of $1,100.00, of the moneys of said carrier, arising and occurring from such commerce, which said moneys had come into the possession of Ronald Lee Tye by virtue of his employment as agent of the said United Parcel Service, Inc., in violation of 18 U.S.C. § 660." (Emphasis added).

Defendant's position is that an essential element of the crime defined in 18 U.S.C. § 660 is that the truck itself be moving in interstate commerce. Thus defendant argues that it was never alleged, or proved, that the truck itself was "moving in interstate commerce." This was raised in motions to dismiss the information both before and after the trial.

In order to consider the first two points raised on appeal, we must determine whether a truck delivering packages moving in interstate commerce is the same thing as a truck moving in interstate commerce for the purposes of 18 U.S.C. § 660.

Three cases are pertinent to our inquiry here. *Shaver v. United States,* 174 F.2d 618 (9th Cir.), dealt with the predecessor to 18 U.S.C. § 660. Section 660 was enacted in 1948 (62 Stat. 730) and combined the previous section 412 (Title 18) and part of section 409 (Title 18). The portion of section 409 considered in *Shaver* read:

". . . [B]eing an employee of any carrier riding in, on or upon any railroad car, motortruck, steamboat, vessel, aircraft, or other vehicle of such carrier transporting passengers or property in interstate or foreign commerce and having in his custody funds arising out of or accruing from such transportation, embezzle or unlawfully

convert to his own use any such funds . . . ." (60 Stat. 656).

In *Shaver,* the defendant drove a truck for Railway Express Agency. All his deliveries were made in the San Francisco area. He was indicted for having delivered packages, collected transportation charges due, and embezzled the monies. The court pointed out that once an out of state package is delivered, it is no longer in interstate commerce. The Ninth Circuit dismissed the indictment noting:

". . . It was not charged nor proved that the vehicle was moving in interstate or foreign commerce at the time of the conversion of the funds. It was not alleged nor proved that appellant was riding in, on or upon any motor truck of the carrier at the time he had in custody and converted the funds to his own use. It was not alleged nor proved that the vehicle of the carrier was transporting persons or property in interstate or foreign commerce at the time the appellant, riding therein, thereon or thereupon, had in custody and converted such funds to his own use." 174 F.2d at 618.

Thus, the court held that no crime had been charged or proved, under the statute.

*Shaver* was distinguished in *United States v. Kimball,* 441 F.2d 505 (10th Cir.). Kimball drove a truck from Nebraska to Oklahoma City and delivered a load of grain. He accepted payment for the grain, and was instructed by his employer to return to Nebraska. Instead, he abandoned the truck in Oklahoma City, cashed the check, and absconded with the funds. He was convicted of violating 18 U.S.C. § 660. The defendant there attempted to rely on *Shaver,* arguing that once he delivered the grain, the interstate character of the shipment ceased. Thus, when he embezzled the funds he was not riding on a truck moving in interstate commerce. In response to this argument we said about *Shaver*: "Neither the local delivery truck nor its driver had moved in interstate com-

merce, a situation which the court thought was not a violation of § 660." 441 F.2d at 507. Continuing, we noted:

> "The case here is entirely different. Kimball was engaged in making an interstate delivery; he received payment on behalf of his employer for the interstate shipment, and he was in the process of making the return trip to Nebraska when he absconded with the funds arising and accruing from the interstate shipment. In our view, it was conduct of this nature that the statute was intended to cover." 441 F.2d at 507.

The most recent case dealing with 18 U.S.C. § 660 is *United States v. Reca*, 355 F.Supp. 334 (D.Puerto Rico). Reca was indicted for violating 18 U.S.C. § 660; the indictment read:

> "Modesto Vazquez Reca, the defendant herein, . . . while riding in and upon a motor truck of such carrier moving merchandise travelling in interstate commerce. . . ."

Defendant challenged the indictment for failing to allege that the truck itself was moving in interstate commerce. The Government argued that if the merchandise carried by the truck is moving in interstate commerce, then the truck is also traveling in interstate commerce. The court rejected this argument, relying on the change in wording from the prior statute (18 U.S.C. § 409) to the present statute (18 U.S.C. § 660). ". . . [T]his Court must conclude the Legislature intended . . . that for an offense to be properly charged under Section 660, Title 18, United States Code, it must be alleged that the carrier is traveling in interstate commerce." 355 F.Supp. at 335.

While the statute could perhaps be very narrowly construed to support appellant's position, we agree with the reasoning expressed in *Kimball*, that this is precisely the type of conduct intended to be reached. Although penal statutes are to be strictly construed, ". . . that canon 'is not an inexorable command to override common sense and evident statutory purpose,' . . . ." *United*

States v. Cook, 384 U.S. 257, 262, 86 S.Ct. 1412, 1415, 16 L.Ed.2d 516 (interpreting another portion of 18 U.S.C. § 660).

Although the defendant Tye and the truck he drove remained at all times within the state of Kansas, he and the truck were nonetheless "moving" in interstate commerce as he was delivering out of state packages. He was completing the last leg of the packages' interstate journey and an essential part of the movement. *See, The Daniel Ball*, 10 Wall. 557, 77 U.S. 557, 19 L.Ed. 999; *United States v. Capital Transit Co.*, 338 U.S. 286, 70 S.Ct. 115, 94 L.Ed. 93. Our decision in *Kimball* does not express an opinion approving the decision in *Shaver* in view of the great variation in the circumstances.

This statute is perhaps unfortunately worded. Considering the development of the power of Congress to regulate interstate commerce, the integral part of commerce represented by the events here, and the obvious purpose of the statute, we find that under the facts in this case allegation and proof that the truck was "delivering goods moving in interstate commerce," together with the other details alleged and proved, is sufficient to satisfy the requirements of 18 U.S.C. § 660.

An indictment must allege all the elements of the crime to be charged. *United States v. Mason*, 440 F.2d 1293 (10th Cir.), *cert. denied*, 404 U.S. 883, 92 S.Ct. 219, 30 L.Ed.2d 165. The basic purpose of an indictment or information is to clearly apprise the defendant of the charges and what he must be prepared to meet. It must also be examined with a view to its use in a later plea should prosecution be commenced for the same offense. Convictions cannot be reversed for minor, technical deficiencies which did not prejudice the defendant. *Russell v. United States*, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240; *Smith v. United States*, 360 U.S. 1, 79 S.Ct. 991, 3 L.Ed.2d 1041. The only real question with respect to the indictment here is whether it alleged all of the elements of

the offense. We find that it did, and was otherwise proper.

■ As to appellant's point as to the proof, it shows that the defendant and the truck were delivering packages which were then moving in interstate commerce, and this satisfies the requirements of 18 U.S.C. § 660. We are not persuaded that the Government must show that there were still out of state packages on the truck to be delivered at the time the money was taken. This was an inconsequential matter. *United States v. Kimball,* 441 F.2d 505 (10th Cir.). The Government proved each of the elements of the offense described in 18 U.S.C. § 660. The general activity of defendant and the particular acts charged are within the meaning of the statute.

■ Appellant's last point on appeal concerns the jury instructions. Over objections of defense counsel, the judge instructed the jury that ". . . the defendant, at the times in question, was an employee of United Parcel Service riding in and upon a motortruck or vehicle of United Parcel Service moving in interstate commerce, all as contemplated by the foregoing statute." Defendant argues that this is an essential element of the offense which must be alleged and proved by the Government, and this element was in dispute, and therefore should have been submitted to the jury for determination.

The facts developed at the trial as to the movement of the truck, defendant's activities, and the source of the shipments were not disputed. The question whether the truck was moving in interstate commerce was a matter of law, a matter of the applicability of the statute, and thus a point to be determined by the trial judge. "Where facts are uncontroverted the Court may assume their existence, and an instruction which assumes an admitted and uncontroverted fact cannot be held to be erroneous." *United States v. Salliey,* 360 F.2d 699, 703 (4th Cir.). *Guy v. United States,* 336 F.2d 595 (4th Cir.); *Lyons v. United States,* 325 F.2d 370 (9th Cir.), *cert. denied,* 377 U.S. 969, 84 S.Ct. 1650, 12 L.Ed.2d 738; *Bennett v. United States,* 252 F.2d 97 (10th Cir.). The instruction complained of was such an application of uncontroverted facts, and the legal conclusion derived therefrom was proper. The court did not err in instructing the jury that defendant was riding on a motortruck moving in interstate commerce as provided in 18 U.S.C. § 660.

Appellant's conviction is affirmed.