UNITED STATES COURT OF APPEALS

**Filed 1/7/97**

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

       Plaintiff-Appellee,

v.

CHESTER VERNON ZEIGLER,

       Defendant-Appellant.

No. 96-5043
(D.C. No. 95-C-83-B)
(N.D. Okla.)

ORDER AND JUDGMENT[*]

Before EBEL and HENRY, Circuit Judges, and DOWNES,[**] District Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     Honorable William F. Downes, District Judge, United States District Court for the District of Wyoming, sitting by designation.

Defendant appeals the denial of his motion to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255. Petitioner was charged in an eight-count indictment with six counts of possession of a firearm during the commission of a violent crime, in violation of 18 U.S.C. § 924(c). These charges "arose from a crime spree that resulted in the armed robbery of six separate businesses in Tulsa, Oklahoma." United States v. Zeigler, 19 F.3d 486, 488 (10th Cir.), cert. denied, 115 S. Ct. 517 (1994). The robberies, which were alleged to have affected interstate commerce, in violation of 18 U.S.C. § 1951 (the Hobbs Act), constituted the underlying crimes of violence for the firearms counts. Defendant was not charged with the robberies as separate substantive offenses.

After trial to a jury, defendant was convicted on all eight counts of the indictment. He appealed the six firearm convictions, which we upheld. See Zeigler, 19 F.3d at 495. Thereafter, defendant filed the present § 2255 motion, in which he raised two new challenges to the firearm convictions, as well as a claim of ineffective assistance of counsel based on counsel's failure to raise these two challenges either at trial or on appeal. The district court sua sponte raised the question whether defendant had procedurally defaulted his first two claims by failing to raise them on direct appeal. See United States v. Cook, 997 F.2d 1312, 1320 (10th Cir. 1993). The court then considered whether counsel's alleged ineffectiveness presented sufficient cause to excuse the default. After concluding

-2-

that counsel's performance was not constitutionally ineffective, the court denied

defendant relief.  This appeal followed.[1]

## I.

As originally pled in the § 2255 motion, defendant's first and second

challenges to his convictions appeared to be essentially the same:  that he could

not be convicted of firearm violations under § 924(c) based on underlying Hobbs

Act offenses that were not, themselves, charged as substantive offenses.  The

government's response to the § 2255 motion treated the two claims as one and the

district court did likewise in its order denying relief.  Defendant's reply to the

government's response, however, revealed that his first two claims were, in fact,

separate and distinct.

In addition to the claim recited above, defendant claimed that the

indictment's failure to allege the factual basis of the underlying robbery offenses

resulted in a failure to charge a federal offense, thereby depriving the court of

jurisdiction, and also violated defendant's Fifth Amendment right not to be

prosecuted without indictment by a grand jury and his Sixth Amendment right to

---

[1]     Defendant filed his notice of appeal before the effective date of the
Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110
Stat. 1214 (Apr. 24, 1996)(AEDPA).  Therefore, AEDPA's requirement that
§ 2255 petitioners secure a certificate of appealability from the court of appeals
before proceeding does not apply to defendant, here.  See United States v. Lopez,
100 F.3d 113, 116 (10th Cir. 1996).

be informed of the nature and cause of the accusations against him, see Russell v. United States, 369 U.S. 749, 760-61 (1962). Although the district court did not address this separate claim, because we review the sufficiency of the indictment de novo, see United States v. Meyers, 95 F.3d 1475, 1484 (10th Cir. 1996), and the record is sufficient for our review, we see no reason to remand the matter to the district court for decision in the first instance.

"Although a challenge to a defective indictment is never waived, we will liberally construe an indictment in favor of validity where a defendant fails to timely challenge its sufficiency." United States v. Bolton, 68 F.3d 396, 400 (10th Cir. 1995), cert. denied, 116 S. Ct. 966 (1996). When a challenge to the sufficiency of an indictment is raised on a § 2255 motion to vacate, "[t]he test of the sufficiency of the indictment . . . is whether the indictment by any reasonable construction can be said to charge the offense for which the sentence was imposed." Marteney v. United States, 216 F.2d 760, 762 (10th Cir. 1954)(quotation omitted); see also United States v. Wydermyer, 51 F.3d 319, 325 (2d Cir. 1995); United States v. Forbes, 16 F.3d 1294, 1297 (1st Cir. 1994); United States v. Wilson, 884 F.2d 174, 179 (5th Cir. 1989).

> The sufficiency of an indictment or information is to be determined by practical rather than technical considerations. The test is not whether the indictment could have been made more definite and certain. Rather, before a conviction, the indictment standing alone must contain the elements of the offense intended to be charged and must be sufficient to apprise the accused of the nature of the offense

so that he may adequately prepare a defense. And, after a conviction, the entire record of the case must be sufficient so as to enable the accused to subsequently avail himself of the plea of former jeopardy if the need to do so should ever arise. The same rule or test is applicable on a collateral attack by motion under section 2255 to vacate or set aside a conviction and sentence. However, after a verdict or plea of guilty, every intendment must be indulged in support of the indictment or information and such verdict or plea cures mere technical defects unless it is apparent that they have resulted in prejudice to the defendant.

Clay v. United States, 326 F.2d 196, 198 (10th Cir. 1963)(footnotes omitted).

Each of the firearm counts charged in the indictment here[2] set forth the elements of the substantive § 924(c)(1) offense[3] and identified the underlying crime of violence during which the firearm was used or carried. The underlying

---

[2]     Each of the firearm counts charged as follows:

>        On or about [date specified], in the Northern District of Oklahoma, the defendant, CHESTER VERNON ZEIGLER, knowingly used and carried a firearm, to wit: a handgun, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, to wit: robbery affecting interstate commerce as defined in Title 18, United States Code, Section 1951, all in violation of Title 18, United States Code, Section 924(c)(1).

Appellee's Response Br., Ex. A. A different date was specified in each of the counts.


[3]     Section 924(c) provides in pertinent part that "[w]hoever, during and in relation to any crime of violence . . . for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence . . . , be sentenced to imprisonment for five years." As discussed, infra, although the statute is worded like a sentencing enhancement provision, it has been construed by this court, and others, to create a separate substantive offense.

offense in each count was a Hobbs Act violation, the elements of which are (1) interference with commerce and (2) robbery.  Cf. Stirone v. United States, 361 U.S. 212, 218 (1960); Zeigler, 19 F.3d at 495 (Ebel, J., dissenting).  Both of these elements were set forth in each charge, as well.

In the district court, defendant claimed that the indictment was insufficient because the firearm counts "failed to allege any factual basis that any particularly named commercial business was the victim of a robbery that affected interstate commerce," R., Vol. I, Doc. 47 at 5, and because these counts "fail[ed] to allege any amount of money was taken, or that any personal property was taken from the presence of any person, or that any person was the victim of threats, violence, or intimidation," id. at 6.  These additional facts are not elements of the crime, however, so the indictment, therefore, is not defective for failing to allege the elements of the offenses charged.

Nor is the indictment defective on the ground that defendant would not be able to plead his conviction on these offenses as a bar to a subsequent prosecution on the same offenses.  Defendant "would not be confined to the allegations of the indictment . . . if it ever became necessary for him to enter a plea of former jeopardy[; he] could rely upon other parts of the record."  Clay, 326 F.2d at 199.  The record, which contains evidence linking each of the six firearm offenses to a

specific robbery, <u>see</u> <u>Zeigler</u>, 19 F.3d at 488, is sufficient for defendant to make a plea of former jeopardy if he should ever need to do so.

Although defendant claimed that the failure of the indictment to include the factual allegations recited above hindered his ability to prepare a meaningful defense, he made only a conclusory allegation to this effect, unsupported by any specific facts. As such, this claim does not entitle defendant to any relief.

## II.

We may dispose of defendant's second challenge to his convictions quite readily. Defendant contended that the district court could not convict him on the firearm offences absent his indictment and conviction on the underlying robberies. Defendant defaulted this claim by failing to raise it in his direct appeal. Therefore, he must show cause for the default and actual prejudice or he must show that failing to consider the claim will result in a fundamental miscarriage of justice.

Defendant contends that his counsel's failure to raise this claim resulted in ineffective assistance of counsel and that this ineffective assistance constitutes cause for his default. To establish ineffective assistance of counsel, defendant must first show that his counsel performed below the level expected from a reasonably competent attorney in a criminal case. <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88 (1984). In light of our decision in <u>United States v. Hill</u>,

971 F.2d 1461 (10th Cir. 1992)(en banc), however, defendant's counsel had good reason not to raise this claim on appeal. In Hill, after noting that this and other courts have recognized that § 924(c) is not merely a sentence enhancing statute, but creates a separate offense, we went on to explain that, "[w]hile proof of the underlying crime is necessary to convict under § 924(c), a defendant need not be convicted of the underlying crime in order to be convicted of § 924(c). A defendant need not even be charged with the underlying crime to be convicted under § 924(c)." Hill, 971 F.2d at 1464 (citations omitted). Thus, Hill establishes that the district court here had jurisdiction to try, convict, and sentence defendant on the § 924(c) firearm offenses without defendant being charged with the underlying robbery offenses. Having failed to establish cause for his default, and having failed to make any claim of factual innocence to demonstrate a fundamental miscarriage of justice, see United States v. Richards, 5 F.3d 1369, 1371 (10th Cir. 1993), defendant has procedurally defaulted this claim.

## III.

Our rejection of the preceding challenges to defendant's firearm convictions requires us to reject defendant's substantive claim of ineffective assistance of counsel, as well. Because neither of these preceding claims had

merit, counsel's failure to raise those claims on direct appeal was not objectively unreasonable and did not constitute ineffective assistance of counsel.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

The mandate shall issue forthwith.

Entered for the Court


Robert H. Henry
Circuit Judge