**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 13 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

BLAKE A. MADDEN,

    Defendant-Appellant.

No. 99-3276

D. Kan.

(D.C. No. 99-40006-01-RDR)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McWILLIAMS**, and **HENRY**, Circuit Judges.

Blake A. Madden appeals his conviction for driving while having a blood alcohol concentration of .08 or more, in violation of Kan. Stat. Ann. § 8-1567(a)(2) and 18 U.S.C. § 13. Mr. Madden first argues that the information omitted a critical element of the offense, and thus, the court was without jurisdiction. Second, Mr. Madden contends that the evidence was insufficient to convict him of the charge. We hold that because the omission of which Mr. Madden complains is not an essential element, the amended information was

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

adequate.  Second, we hold the evidence was sufficient for a rational trier of fact to convict Mr. Madden of the charge.  Accordingly, we affirm the conviction.

## I.  BACKGROUND[1]

On September 2, 1995 at approximately 2:00 a.m., Mr. Madden approached a DUI (driving while under the influence of alcohol) check point while driving on Fort Riley, a federal military installation in Kansas.  Mr. Madden submitted to a voluntary preliminary breath test (PBT), which yielded a breath alcohol concentration (BAC) of .09%.  At approximately 3:13 a.m., an Intoxilyzer 5000 breath test yielded a BAC of .101%.

The government charged Mr. Madden with driving under the influence of alcohol in violation of Kan. Stat. Ann. § 8-1567(a)(1) & (a)(3), as well as 18 U.S.C. § 13.[2]  The United Sates Attorney for the District of Kansas and Mr.

---

[1]  As the parties are familiar with the facts of this case, to which Mr. Madden has stipulated, we abbreviate our factual recitation.

[2]  Count 1 of the information read as follows:
> On or about the second day of September, 1995, at Fort Riley, Kansas, a federal military installation within the exclusive jurisdiction of the United States, in the District of Kansas, BLAKE A. MADDEN, did unlawfully drive and operate a motor vehicle while the alcohol concentration in his blood or breath at the time or within two hours after he operated the vehicle is .08 or higher, in violation of Title 18, United States Code, Section 13, and K.S.A.  8-1567(a)(1)  (Class  ___);  and/or  BLAKE  A.
> (continued...)

Madden entered into a diversion agreement, through which prosecution was to be deferred for twelve months until December 13, 1996. If, at that time, Mr. Madden had fully complied with the terms of the diversion agreement, the charges were to be dismissed with prejudice. Among the terms of the agreement was a condition that Mr. Madden would violate no laws during its term.

The diversion agreement further stated:

> In the event that the Special Assistant United States Attorney shall resume criminal prosecution in the case of USA v. BLAKE A. MADDEN, Case No. 95-M-9212-01, it is agreed and stipulated that the case shall be submitted to the Court upon the following stipulations:
> 1. Defendant stipulates that the Government's evidence, standing alone, would be adequate to convict the defendant of the offense charged in the above-captioned case.
> 2. Further, Defendant stipulates to make no objection to the introduction and admission of investigative evidence and reports which the Government now has in its possession and seeks to use as evidence in the case.

Aplt. App. at C-9

Unfortunately, on July 13, 1996, Mr. Madden was again arrested for DUI.

On September 26, 1996, the Municipal Court of the City of Manhattan, Kansas

---

[2](...continued)
> MADDEN, did unlawfully drive and operate a motor vehicle while under the influence of alcohol or drugs, in violation of Title 18, United States Code, Section 13, and K.S.A. 8-1567(a)(3) (Class ___).

Aplt. App. at B-4.

convicted him of that offense. On a motion from the government, the court revoked the diversion agreement on August 24, 1998. After a trial before a magistrate judge, Mr. Madden was convicted of driving under the influence in violation of Kan. Stat. Ann. § 8-1567(a)(2), transportation of an open container in violation of Kan. Stat. Ann. § 8-1599, and possession of alcohol by a minor in violation of Kan. Stat. Ann. § 41-727. Mr. Madden appealed to the district court, which "f[ound] no merit to any of the claims raised by the defendant" and affirmed the magistrate's ruling. See Aplt.'s App. at K-43.

## II. DISCUSSION

Mr. Madden argues that the district court erred when it held the information contained all the elements of the offense intended to be charged. He contends the information was jurisdictionally insufficient, because it did not include the phrase "as measured within two hours of the time of operating or attempting to operate a vehicle," to describe his breath alcohol concentration. He further argues the evidence was insufficient for a conviction under Kan. Stat. Ann. § 8-1567(a)(2) because the evidence established his BAC at 3:13 a.m. but did not establish his BAC at 2:00 a.m., while he was driving. We address each argument in turn.

**A.      Sufficiency of the Information**

We review the sufficiency of an indictment or information de novo.  See United States v. Dashney, 117 F.3d 1197, 1205 (10th Cir. 1997).  "The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged."  Fed. R. Crim. P. 7(c)(1).  Under this rule, "[c]onvictions are no longer reversed because of minor and technical deficiencies which did not prejudice the accused[, and] [t]his has been a salutary development in the criminal law."     Russell v. United States  , 369 U.S. 749, 763 (1962) (quotation omitted).  Of course, "the substantial safeguards to those charged with serious crimes cannot be eradicated under the guise of technical departures from the rules."     Id.

Accordingly, an indictment or information "is sufficient if it contains the elements of the offense charged, putting the defendant on fair notice of the charge against which he must defend, and if it enables a defendant to assert an acquittal or conviction in order to prevent being placed in jeopardy twice for the same offense."  United States v. Poole  , 929 F.2d 1476, 1479 (10th Cir. 1991) (quotations omitted).  The indictment or information need not recite the exact language of the statute.    See id.  Moreover, "after a verdict or plea of guilty, every intendment must be indulged in support of the indictment or information and such a verdict or plea cures mere     technical defects . . . ."     Clay v. United

-5-

States , 326 F.2d 196, 198 (10th Cir. 1963).     "[W]here there is a post-verdict challenge . . . asserting the absence of an element of the offense, it has been held the indictment [or information] will be sufficient if it contains 'words of similar import' to the element in question."     United States v. Brown  , 995 F.2d 1493, 1505 (10th Cir. 1993)  (quoting  United States v. Vogt  , 910 F.2d 1184, 1201 (4th Cir. 1990)).

Mr. Madden's first challenge to the sufficiency of the information is     based on the fact that it tracked the language of an outdated version of the Kan. Stat. Ann. § 8-1567:

> No person shall operate or attempt to operate any vehicle within this state while:  (1) The alcohol concentration in the person's blood or breath, at the time or within two hours after the person operated or attempted to operate the vehicle, is .10 or more.

Kan. Stat. Ann. § 8-1567 (1985 Supp.).  At the time of his conviction, the statute read as follows:

> No person shall operate or attempt to operate any vehicle within this state while the alcohol concentration in the person's blood or breath, as measured within two hours of the time of operating or attempting to operate a vehicle is .08 or more.

Kan. Stat. Ann. § 8-1567(a)(2) (1995 Supp.).

Mr. Madden claims that the amendment added a new, essential element to the DUI offense, "as measured within two hours," and that the information was

fatally deficient because it did not set out the language of the statute or words of similar import. We disagree. The information alleged the three essential elements of the offense: that (1) on the date in question, (2) Mr. Madden drove a vehicle (3) while having had an alcohol concentration in his blood or breath of .08 or higher. We agree with the district court that the information adequately informed Mr. Madden of the charges against which he was to defend. The phrase used in the information—"at the time or within two hours after the person operated to attempted to operate the vehicle"—gave notice of what the government was charging and what it had to prove.

The requirement that the government establish that the BAC was measured "within two hours of operating or attempting to operate a vehicle" is a foundational matter relating to the admissibility and competency of evidence. See State v. Pendleton, 849 P.2d 143, 148-49 (Kan. App. 1993). That requirement did not, however, introduce a new element into the 'per se' statute. See id.

### B.   Sufficiency of the Evidence

Mr. Madden next argues the evidence was insufficient for a conviction under Kan. Stat. Ann. § 8-1567(a)(2) because the government established his BAC at 3:13 a.m. but did not establish his BAC at 2:00 a.m., while he was driving. This argument is also unavailing. Mr. Madden is bound by his

stipulation: "the Government's evidence, standing alone, would be adequate to convict the Defendant of the offense charged." Aplt. App. at C-9. Moreover, Kansas law clearly demonstrates the evidence is sufficient for such a conviction.

"To obtain a conviction for a per se violation under K.S.A. 8-1567(a)(2), the State must show the alcohol concentration was tested within two hours of the last time a defendant operated or attempted to operate a vehicle." Pendleton, 849 P.2d at 148. Direct evidence of the defendant's BAC while driving is not required:

> [A] per se violation under subparagraph (a)(2) requires a blood alcohol test result of .08 or more as measured within 2 hours of driving or attempting to drive—no other evidence is required to establish a prima facie case. In other words, in a prosecution for a per se violation, the trier of fact may infer that the test result accurately measured the defendant's blood alcohol concentration at the time the defendant was last operating or attempting to operate a vehicle.

State v. Hartman, 991 P.2d 911, 914 (Kan. App. 2000). Here, Mr.Madden acknowledges the test was given approximately one hour and thirteen minutes after he last operated the vehicle, well within the required two-hour period. Accordingly, we agree with the district court that the evidence was sufficient to establish a conviction under Kan. Stat. Ann. § 8-1567(a)(2).

## III.  CONCLUSION

We hold the information was sufficient, as was the evidence, in this case.

Accordingly, we AFFIRM Mr. Madden's conviction.

Entered for the Court,

Robert H. Henry
Circuit Judge